```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :
                                          NOTICE OF MOTION
         - v -                 :
                                          05 Cr. 1311 (PAC)
MARVIN MCFOY                   :

              Defendant.       :
------------------------------X
```

**PLEASE TAKE NOTICE** that upon the annexed affirmation of **ROBERT M. BAUM, ESQ.,** the defendant herein, **MARVIN MCFOY,** will move before the **HONORABLE PAUL A. CROTTY,** United States District Judge for the Southern District of New York, at the United States Courthouse located at 500 Pearl Street, New York, New York, on a date to be determined, for an Order, (1) pursuant to Rule 12 and Rule 48(b)(3) of the Federal Rules of Criminal Procedure, and the Sixth Amendment to the United States Constitution, dismissing the indictment on the ground that the defendant was denied his right to a speedy trial; and, (2) granting discovery pursuant to Rule 12(b)(3)(E); and such other relief as the Court may deem just and proper.

Dated:    New York, New York
          February 19, 2008

                                   Respectfully submitted,
                                   LEONARD F. JOY, ESQ.
                                   Federal Defenders of New York

                              By:  _____
                                   **ROBERT M. BAUM, ESQ.**
                                   Attorney for Defendant
                                      **Marvin McFoy**
                                   52 Duane Street - 10th Floor
                                   New York, New York 10007

```
TO:  MICHAEL J. GARCIA, ESQ.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York 10007
     Attn:    **Christine Y. Wong, ESQ.**
              Assistant United States Attorney
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :

        - V -                  :
                                       05 Cr. 1311 (PAC)
MARVIN MCFOY                   :

        Defendant.             :
------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
MARVIN MCFOY'S MOTION TO DISMISS THE
INDICTMENT AND GRANT DISCOVERY**

                            Respectfully submitted,
                            LEONARD F. JOY, ESQ.
                            Federal Defenders of New York
             By:  _____
                            **ROBERT M. BAUM, ESQ.**
                            Attorney for Defendant
                              **Marvin McFoy**
                            52 Duane Street - 10th Floor
                            New York, New York 10007

**ROBERT M. BAUM, ESQ.**

<u>Of</u> <u>Counsel</u>


TO:  MICHAEL J. GARCIA, ESQ.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York 10007
     Attn:   **Christine Y. Wong, ESQ.**
              Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA      :

       - v -                  :
                                       05 CR. 1311 (PAC)
MARVIN MCFOY                  :

            Defendant.        :
------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARVIN MCFOY'S MOTION TO DISMISS THE INDICTMENT AND GRANT DISCOVERY

**PRELIMINARY STATEMENT**

Defendant Marvin McFoy, by undersigned counsel, respectfully submits this Memorandum of Law in support of his Motion To Dismiss the Indictment on the ground that the government has violated his Sixth Amendment right to a speedy trial, and alternatively, for discovery.

Mr. McFoy is charged in a one count Indictment with conspiracy to violate the narcotics laws of the united States. He seeks an order granting his motion to dismiss the Indictment, and alternatively, for discovery including the disclosure of any confidential informant.

-1-

**STATEMENT OF FACTS**

As set forth in the attached Affirmation of counsel, Mr. McFoy was indicted and charged in a one count Indictment with engaging in a conspiracy to violate the narcotics laws. See Baum Affirmation (hereinafter "Baum Aff."), at ¶ 5. It is alleged that the criminal acts occurred in July, 2005. Some six months later, on December 15, 2005, an indictment was filed charging Marvin McFoy and two others with the conduct set forth in the one count Indictment. Baum Aff. at ¶ 7. Mr. McFoy wasn't arrested until approximately 23 months later on November 5, 2007. Baum Aff. at ¶ 6.

In the intervening 23 months following his Indictment, Mr. McFoy was unaware of the Indictment because it had been sealed from the date of the filing, until his arrest. Baum Aff. ¶ 7. Mr. McFoy has been living continuously at the same address in the Bronx from approximately April, 2002 until the present. Baum Aff. ¶ 8. During this period of time, he regularly received mail at this address.

In fact, this address, under Mr. McFoy's name as it appears in the indictment, was listed in numerous government databases which are readily available to the government. Prior to the indictment and even after the indictment was filed, Mr. McFoy regularly received mail at this address from the Department of the Treasury, Internal Revenue Service, and the Social Security

Administration. Baum Aff. ¶ 9. He also received a notice for jury duty in Bronx County at this address. Baum Aff. ¶ 9. In addition, in June, 2006, just 7 months after the filing of the indictment, Mr. McFoy was represented by an attorney in an immigration matter and filed papers related to a citizenship application with the Department of Homeland Security, U.S. Citizenship and Immigration Services. Baum Aff. ¶ 9. Those papers would easily disclose the name and address of his attorney and his own home address.

Despite the fact that Mr. McFoy did not flee the jurisdiction and lived openly at the same address both prior to and after the filing of the indictment, it appears that the government made little effort to locate him from available computer databases or public records.

**ARGUMENT**

**The Indictment Must Be Dismissed Because the Twenty Three Month Delay In Prosecuting Mr. McFoy Deprived Him Of His Sixth Amendment Right To A Speedy Trial**

The Sixth Amendment to the United States Constitution guarantees "the right to a speedy ... trial" in "all criminal prosecutions." Resolution of a speedy trial motion begins with a threshold inquiry as to whether the pretrial delay was long enough to warrant judicial review. Generally, review is triggered when this period exceeds one year, a length of time courts refer

to as "presumptively prejudicial." Doggett v. United States, 112 S.Ct. 2686, 2690 (1992). Once judicial review is appropriate, four factors are considered to determine whether there has been a speedy trial rights violation. A violation will be found when (1) the delay before trial is "uncommonly long," (2) the government is "more to blame for the delay" than the defendant, (3) the defendant "in due course" asserts his right to a speedy trial, and (4) the defendant has "suffered prejudice" as a result of the delay. Id. at 2690, citing Barker v. Wingo, 407 U.S. 514 (1972). Regarding the fourth factor, however, in those cases in which the length of the pre-trial delay is extraordinary, the reliability of a trial becomes compromised "in ways that neither party can prove or, for that matter, identify." Doggett, 112 S.Ct at 2693. Accordingly, in such cases the delay is per se prejudicial and the defendant is entitled to a speedy trial dismissal without making a showing of specific prejudice. Id. at 2694.

Thus, in Doggett, the Court held that an 8 ½ year delay between indictment and trial, when combined with the government's failure to use "reasonable diligence" to pursue the defendant, was sufficient to deprive the defendant of his speedy trial rights. Id. at 2694.  Here, where Mr. McFoy was arrested almost two years after he was indicted, and where the government has produced no evidence of any efforts to pursue him, let alone

-4-

"reasonable" efforts, the Indictment must likewise be dismissed under the Speedy Trial Clause.

As a preliminary matter, the 23 month delay here is sufficiently long to be "presumptively prejudicial" and to trigger judicial review. Id. at 2690-2691. As detailed below, this case meets all of the additional speedy trial criteria set forth in Doggett. A dismissal of the Indictment is therefore required.

**A.  The Delay was "Uncommonly Long."**

In Doggett, the Supreme Court suggested that a delay is presumptively prejudicial "at least as it approached one year." Id. at 2691 n. 1. The Second Circuit has noted that a delay of over eight months is presumptively prejudicial. United States v. Vassell, 970 F.2d 1162, 1164 (2d Cir. 1992)(citing Gregory P.N. Joseph, Speedy Trial Rights in Application, 48 Fordham L. Rev. 611, 623 n. 71 (1980)). This factor is often merged with the initial inquiry as to whether the delay is presumptively prejudicial. United States v. Leaver, 358 F.Supp. 2d 255, 269 n. 69. (Scheindlin, J.).

In Doggett, the Court found that the government was responsible for only six years of an 8 ½ year delay in bringing the case to trial, because the defendant had been out of the country for the first 2 ½ years. Nevertheless, the Court found that this six year delay, which was "six times as long as that

-5-

generally sufficient to trigger judicial review," was "extraordinary."  Doggett, 112 S.Ct. at 2694.  Although the delay here cannot meet the criteria for being "extraordinary," it is nevertheless three times as long as that generally sufficient to trigger judicial review under the presumptively prejudicial standard of the Second Circuit and was accordingly "uncommonly long."

**B.  The Government Failed to Make Reasonable Efforts to Locate Mr. McFoy During the Twenty Three Month Period Between Indictment and Arrest.**

The Speedy Trial Clause imposes on the government the responsibility of acting with "reasonable diligence" to bring a suspect to trial. Id. at 2693. In Doggett, while government agents initially took some steps to locate the defendant, they made no such efforts during the last 6 years of the period of delay, even though "had they done so, the could have found him within minutes." Id. at 2691.  The Court concluded that these facts constituted "findable negligence."  More importantly, the Court held that, although the defendant would bear the burden of showing an intentional failure to pursue (which Mr. McFoy does not assert in this case), the defendant does not have the burden of showing negligence. Id. at 2693. Rather, the government bears an affirmative burden of showing that it was not negligent, and that it acted with reasonable diligence. Id. The requirement to exercise due diligence in attempting to locate and apprehend an

-6-

accused applies even if he is a fugitive who is fleeing prosecution. Rayborn v. Scully, 858 F.2d 84, 90 (2d Cir. 1988)(citations omitted). Here, it has so far utterly failed to meet this burden, and it appears most unlikely that the government will be able to do so.

In any event, even if the burden to show negligence were on Mr. McFoy, he could meet it. It appears that the government made no effort at all to locate him and bring him to trial on the Indictment. Clearly, had they tried they would have succeeded, if not "within minutes," as in Doggett, then certainly within a few days. Several reasonable options to locate and apprehend Mr. McFoy were available to the government. Mr. McFoy remained at the same address at which he had resided at the time of the alleged commission of the crime. He regularly received mail at this address and was listed in numerous government databases easily accessible to federal agents. He was known to the Internal Revenue Service, the Department of Homeland Security, the Social Security Administration, and was in various public databases from which individuals are selected for jury duty.

For these reasons, the Court must conclude that the government failed to use reasonable diligence to locate Mr. McFoy during the twenty three month delay between his indictment and his arrest on the outstanding warrant. He did nothing to evade law enforcement authorities. Although the government may assert

that Mr. McFoy's "relative unimportance" when compared to more complex or pressing matters, prompted their lethargy, it is still deemed to be "findable negligence." Id. at 2691.

**C.  Mr. McFoy Now Asserts His Right to a Speedy Trial.**

Mr. McFoy knew nothing about the Indictment for conspiracy to violate the narcotics laws until he was arrested on November 5, 2007. The indictment was sealed until the day of his arrest, and none of the co-defendants set forth in the indictment had been previously apprehended. He therefore could not assert his right to a speedy trial during the twenty three month period of delay. See Doggett, 112 S.Ct. at 2691 (where defendant is unaware of the pending charge he cannot "be taxed for invoking his speedy trial right only after his arrest").  By this motion, Mr. McFoy asserts his Sixth Amendment right to a speedy trial.  Should the Court deny this motion, Mr. McFoy is prepared to proceed to trial on the Indictment.

**D.  The Twenty Three Month Delay Is Per Se Prejudicial.**

If the Second Circuit's decision in Vassell suggests that an 8 month delay is per se prejudicial, and Doggett holds that a delay approaching one year is per se  prejudicial, then a delay that is substantially longer must also be per se prejudicial. Accordingly, in this case, where the delay between indictment and

-8-

Mr. McFoy's arrest was almost two years, prejudice must be presumed. Under Doggett, the government has the opportunity to rebut this presumption. 112 S.Ct. at 2694 & n.4. To do so successfully, however, the government must do more than counter Mr. McFoy's claim of trial prejudice. It must affirmatively prove that the delay left the defendant's ability to defend himself unimpaired. The government cannot do so here.

Negligence is not tolerable "simply because the accused cannot demonstrate exactly how it has prejudiced him. Id. at 2693.

In fact, Mr. McFoy has been severely prejudiced by the delay. In the intervening twenty three month period prior to his arrest, witnesses who would corroborate Mr. McFoy's defense have disappeared. These witnesses were not United States citizens and may have since left the country. The government would be hard pressed to prove that the twenty three month delay caused by its own negligence has not impaired Mr. McFoy's defense. See United States v. Shell, 974 F.2d 1035, 1036 (9th Cir. 1992)(government failed to rebut presumption of prejudice; indictment dismissed).

Dimming memories and the loss of exculpatory evidence are the most serious forms of prejudice "because the inability of a defendant to adequately prepare his case skews the fairness of the entire system." Id. at 2693, citing Barker v. Wingo 407 U.S. at 532.

Doggett recognizes that consideration of prejudice is not limited to the specifically demonstrable, and that "impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.'" Id. at 2692-93.

Since the uncommonly long twenty three month delay between indictment and arrest in this case was caused by the government's negligence, and since a delay of that length is per se prejudicial, the Indictment must be dismissed.

### Motion For Discovery

Mr. McFoy requests the this Court order that the following items be provided to counsel in accordance with the Local Rules and Rule 16, F.R.C.P., the constitutional requirements under Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and United States v. Agurs, 427 U.S. 97 (1976).

1. Set forth the names, addresses and phone numbers for any confidential informant who will testify that Mr. McFoy was directly involved in a conspiracy to possess or distribute narcotics so that defense counsel may contact them and interview them as to their direct knowledge of the guilt or innocence of Mr. McFoy.

2.  Please provide the results of all scientific tests performed on items and property seized in relation to the offense, or which the government will seek to introduce at trial.

3.  Please provide any statements which the government intends to use at trial whether or not such statements were recorded, including statements the government will seek to introduce pursuant to Rule 801(d)(2)(E) (statement by co-conspirator) of the Federal Rules of Evidence; and advise counsel of any statements made even if the government will not use such statements on their direct case.

5.  Provide counsel with draft transcripts of any audio tapes which the government intends to use at trial at least three weeks in advance of trial so that counsel may compare such transcripts to the actual tapes and if necessary address their accuracy at an audibility hearing. This is particularly important since most, if not all of the relevant tapes, are not in English.

6.  Provide counsel at least two weeks in advance of trial, with any 404(b) evidence which the government intends to introduce at trial so that counsel may have sufficient opportunity to investigate such evidence and contest its introduction.

-11-

7.  Provide counsel with all information, including all documents, regarding payments made to the confidential informant(s) prior to the information provided in this case as well as any payments made to date. Include all agreements or contracts entered into with the confidential informant regarding such payments.

8.  Provide counsel with the names and indictment numbers of all cases in which the informant was a witness or potential witness, or in which he provided information leading to an arrest.

9.  Provide counsel with names and addresses of all individuals concerning whom the informant provided information of criminal activity which did not result in an arrest.

10. Provide the date of birth of the confidential informant(s).

11. Set forth whether the confidential informant identified Mr. McFoy prior to his arrest either by photograph or some form of corporeal identification, setting forth the date, time, and place of such identification, names of those present, and a copy of any photograph used in the identification. Also set forth whether the informant(s) failed to identify Mr. McFoy.

**Disclosure Of The Confidential Informant**

The Supreme Court long ago held that the government must disclose information regarding informants when necessary to protect a defendant's rights to fair trial or to present a defense:

> Where the disclosure of an informers's identity or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way. In those situations the trial court may require disclosure and, if the government withholds the information, dismiss the action.

Roviaro v. United States, 353 U.S. 53, 60-61, 77 S. Ct. 623, 628 (1957).

Following Roviaro, the Second Circuit, in United States v. Saa, 859 F.2d 1067, 1074 (2d Cir. 1988), held that the failure to disclose an informant's identity was error because the defendant was able "to point to 'the events to which [the informant] might testify and the relevance of those events to the crime charged.'" 859 F. 2d at 1072 (Quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 871 (1982). Subsequently, the court in DiBlasio v. Keane, 932 F.2d 1038 (2d Cir. 1991), in deciding whether disclosure of an informant's identity was required, distilled the inquiry to whether the informant's testimony was material to the

-13-

defense.  In determining whether an informant's testimony is material, the DiBlasio court stated that the crime charged, the possible defenses, and the possible significance of the informant's testimony are all, Inter alia, factors that need be considered.  932 F. 2d at 1042.

In applying this standard, the materiality of the informant's testimony to the crime charged, to this case, it appears that the confidential informant will provide the most significant of any testimony against Mr. McFoy.  To our knowledge, based upon the discovery provided to counsel thus far, Mr. McFoy is alleged to have had discussions concerning narcotics which are the subject of wiretaps. No law enforcement officer has ever seen him in the presence of any co-defendant or co-conspirator, and he was never observed to be in possession of narcotics. There are no surveillance photos or any other form of physical evidence. Other than tape recordings, which were not in English and subject to debate concerning their meaning, there is no evidence of Mr. McFoy's participation in a conspiracy. Thus there is no corroboration of any testimony by an informant concerning any meetings with co-conspirators, participation in a conspiracy, or his knowledge of co-conspirators. The confidential informant will be the only potential government witness to testify as to direct knowledge of Mr. McFoy's alleged participation in a criminal conspiracy.  Moreover, the

confidential informant's testimony may be necessary to identify the voices on the tapes. As previously set forth, the tapes are not in English and provide the government's most direct evidence. Since Mr. McFoy was not the target of the wiretaps and since the wiretaps do not even identify him by name, the identity of the speakers, notably Mr. McFoy, absent the confidential informant, seems unlikely.

In light of the confidential informant's intimate role in the perpetration of these alleged crimes, it is clear that his testimony will be both significant and material to the crime charged. Indeed, the Saa court recognized that the right to disclosure is usually established in cases "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." 859 F.2d 1067, 1073-75 (2d Cir. 1988) (citing United Sates v. Russotti, 746 F.2d 945, 949-50 (2d Cir. 1984). See also United States v Cutulo, 861 F. Supp. 1142, 1152 (E.D.N.Y. 1994) (citing the same language as dispositive on the issue of disclosure). Without question, such a situation is present in this case. Accordingly, this Court should order pretrial disclosure of the name, birth date and criminal record of the confidential informant. The ability of counsel to interview the informant is determinative of the issue of mistaken identification in this case. In addition, as the Second Circuit

stated in <u>Saa</u>, "having the prosecution pass along to an informant a request by defendants that they be allowed to interview him is no substitute for permitting defense counsel to ask the informant themselves." <u>United States v. Saa</u> 859 F,2d at 1074.

To permit adequate time for investigation we request such disclosure no later than three weeks prior to trial.

**CONCLUSION**

For all the foregoing reasons, the Indictment should be dismissed on the ground that Mr. McFoy's constitutional right to a speedy trial under the Sixth Amendment has been violated; and alternatively, the motion for discovery and disclosure of the informant should be granted.

Dated:   New York, New York
         February 19, 2008

                           Respectfully submitted,

                           LEONARD F. JOY, ESQ.
                           Federal Defenders of New York

By:   _____
      **ROBERT M. BAUM, ESQ.**
      Assistant Federal Defender
      Attorney for Defendant
         **Marvin McFoy**
      52 Duane Street - 10th Floor
      New York, New York 10007