

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 0 4 2008

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 28, 2008

*March 4, 2008*

*The Government's motion is granted and*
*defendant's objection of February 29, 2008*
*is overruled. It is appropriate to*
*release the Pre-Trial Report in the circumstances*
*present here. See U.S. v. Ramos.*
*2008 WL 376381 (2d*
*Cir. Feb. 11, 2008) (Pretrial Report*
*disclosed despite defendant's objection 6*
*for't demand. So ordered.*
*PaulKutty*
*USDJ*

By Facsimile

The Honorable Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: United States v. Marvin McFoy, et al., 05 Cr. 1311 (PAC)

Dear Judge Crotty:

   The Government respectfully submits this letter to request that the Court order Pre-Trial Services to disclose the report produced regarding the above-referenced defendant. Defendant opposes this request.

   On February 19, 2008, the defendant filed a motion to dismiss the Indictment on the ground that the defendant was denied his right to a speedy trial. Although the defendant did not submit an affidavit himself, he argues through his attorney's affidavit that he "resided continuously [in the Bronx] with his 8 year old daughter," and as such, the Government's failure to arrest him in the nearly two year period after he was indicted constitutes a denial of his right to a speedy trial. The Government contends, at the very least, that the defendant was not living continuously in the Bronx. Support for the Government's argument can be found in the defendant's Pre-Trial Services Report. After the defendant was arrested, he was interviewed by a pre-trial services officer. During that interview he told the pre-trial services officer that he had been residing both in New York and Georgia since 2002–a statement that directly contradicts his argument in the motion to dismiss. This statement was memorialized in a report produced by the pre-trial services officer.

   Under 18 U.S.C. Section 3153(c)(1), a pre-trial services report "shall be used only for the purposes of a bail determination and shall otherwise be confidential." Section 3153(c)(3) further states that, except in certain circumstances not relevant here, information from a pre-trial services report "is not admissible on the issue of guilt in a criminal judicial proceeding." The Second

MEMO ENDORSED

Circuit, however, has held that "a defendant's statements to pretrial services is admissible against the defendant when used to impeach the defendant's credibility." *United States* v. *Griffith*, 385 F.3d 124, 126 (2004). In *Griffith*, after the defendant testified, the government challenged his credibility based on two false statements that he made to his pre-trial services officer. The Government's proposed use of the defendant's statements do not go to "the issue of guilt," but rather will be used to impeach the defendant's credibility regarding where he has been residing—an issue relevant only to the motion to dismiss brought by the defendant. The defendant's statements go to the heart of the allegations in the motion, namely, whether he has been living openly and notoriously in the Bronx. Thus, the Government respectfully requests that the Court order Pre-Trial Services to produce the defendant's pre-trial report.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: _____
Christine Y. Wong
Assistant United States Attorney
(212) 637-2460

cc:    Robert Baum, Esq. (by facsimile, 212-571-0392)

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street - 10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

**FAX COVER SHEET**

Southern District of New York
John J. Byrnes
Attorney-in-Charge

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN INFORMATION FROM THE FEDERAL DEFENDERS OF NEW YORK, INC. WHICH IS CONFIDENTIAL OR PRIVILEGED. THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ON THIS TRANSMISSION SHEET. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE CONTENTS OF THIS TELECOPIED INFORMATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. RECEIPT BY ANYONE OTHER THAN THE INTENDED RECIPIENT IS NOT A WAIVER OF ANY ATTORNEY-CLIENT OR WORK PRODUCT PRIVILEGE.

| | |
|---|---|
| FAX TO: | Honorable PAUL A. CROTTY United States District Judge |
| FAX NUMBER: | 212 805-6304 |
| DATE SENT: | 2-29-08 |
| SENDER: | Robert M. Baum, Esq. |
| NO. OF PAGES: | 3 (including this cover sheet) |
| COMMENTS: | |

If problems with this transmission occur, please call (212) 417-8700

Fax No: (212) 571-0392

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

February 29, 2008

**BY FACSIMILE**

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Room 735
New York, New York 10007

Re:    **United States v. Marvin McFoy**
       **05 Cr. 1311 (PAC)**

Dear Judge Crotty:

I respectfully write on behalf of my client Marvin McFoy, in
opposition to the application by the Government in a letter dated
February 28, 2008, ("Gov't. Letter"), seeking an Order to
disclose the Pretrial Services Report in this case. For the
reasons set forth more fully below, the Government's application
should be denied.

Mr. McFoy contests that the Pretrial Services Report
supports the Government's recollection of the statements
regarding his residence, and that those statements contradict the
factual assertions set forth in the defendant's motion to dismiss
the indictment. However, as a matter of law and public policy,
the mandate of the applicable statute, 18 U.S.C. § 3153C,
prohibiting disclosure, is determinative of this issue. There is
no basis for the creation of an exception to the statutory
language and the decision of the Second Circuit in United States
v. Griffith, 385 F.3d 124 (2d Cir. 2004).

In Griffith, the Court made it clear that the statutory
prohibitions against the use of the report, "give way when the
issue is the witness's truthfulness under oath at trial." Id. at
126. The Government is now asking this Court to create new
precedent by extending that holding, not to the defendant's
testimony at trial, nor his testimony at a hearing, nor even to
an affirmation submitted by the defendant. They ask the Court to
permit disclosure to contest an affirmation submitted by counsel.
It should be noted, that the affirmation by counsel, made "upon

Honorable Paul A. Crotty          February 29, 2008
United States District Judge      Page 2
Southern District of New York

Re:  **United States v. Marvin McFoy**
     **05 Cr. 1311 (PAC)**

information and belief," was based upon counsel's review of
"documents and records," and an "independent investigation into
the facts and circumstances surrounding this case." See
Affirmation of counsel at ¶¶'s 3 and 4. Some of the documents
counsel referred to are annexed as exhibits to the Notice of
Motion. Other documents also reveal that Mr. McFoy received mail
at the same address from 2002 until the present.

     Despite the Government's assertions that Mr. McFoy may not
have lived at that address, they have made no response or proffer
to indicate that they attempted to locate him at that address and
were unsuccessful. This further negates the validity of the
Government's request to create new precedent in this case.

                              Respectfully submitted,

                              Robert M. Baum
                              Assistant Federal Defender
                              Tel.: (212) 417-8760

RMB/wt

cc:  Christine Y. Wong, Esq.
     Assistant United States Attorney



## FACSIMILE COVER SHEET

**U.S. ATTORNEY'S OFFICE, S.D.N.Y.**
**ONE ST. ANDREW'S PLAZA**
**NEW YORK, NEW YORK  10007**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**From:**    Christine Y. Wong
            Assistant United States Attorney

**Phone:**    (212) 637-2460

**Fax:**    (212) 637-2605

**No. pages (including cover sheet):**

**Date sent:**    March 3, 2008

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### FOR OFFICIAL USE ONLY -- U.S. ATTORNEY FACSIMILE COMMUNICATION

The information contained in this facsimile message, and any and all accompanying documents, constitute "for official use only" information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this information in error, please notify us immediately by telephone at the above number and destroy the information.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**To:**    The Honorable Paul A. Crotty
**Fax:**    212-805-6304

**To:**    Robert Baum, Esq.
**Fax:**    212-571-0392

**Re:**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Message:**



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 3, 2008

**By Facsimile**

The Honorable Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: **United States v. Marvin McFoy, et al., 05 Cr. 1311 (PAC)**

Dear Judge Crotty:

The Government respectfully submits this letter in response to the defendant's opposition to the Government's request that the Court order Pre-Trial Services to disclose the report produced regarding the above-referenced defendant.

Defendant argues that the holding in United States v. Griffith, 385 F.3d 124 (2d Cir. 2004) is limited to circumstances where the "issue is the witness's truthfulness under oath at trial." Defendant's reading of Griffith is too narrow. Indeed, in United States v. Ramos, 2008 WL 376381, No. 06-2906-cr (Feb. 11, 2008), the Second Circuit summarily affirmed a district court's admission of a pre-trial services report in circumstances substantially similar to here. (A copy of the summary order is attached hereto.) In that case, the defendant moved to dismiss the indictment on the grounds that the length of time between the filing of his indictment and his arrest violated his right to a speedy trial under the Sixth Amendment, arguing that the Government did not exercise due diligence in arresting him. In support of his motion, the defendant filed an affidavit stating that he was living with his family at a known address in New York. The district court relied upon the defendant's pre-trial report, in which the defendant stated that he was living in the Dominican Republic during much of the period between his indictment and arrest and was not living at his known address in New York, to impeach his contradictory affidavit. The Second Circuit affirmed the district court's use of the pre-trial report for that purpose.

The only difference between Ramos and the circumstances here is that the defendant did

not submit an affidavit himself, but rather is relying upon his attorney's affirmation. Defense counsel argues that because there is no affidavit from the defendant but rather only an affirmation from defense counsel, the Government is not entitled to use the pre-trial services report. In identifying the absence of an affidavit from the defendant, defense counsel underscores one of the main weaknesses in defendant's motion--namely, that without an affidavit from the defendant, there is no factual basis to grant the motion to dismiss. To the extent that the defendant is, indeed, distancing himself from the affirmation filed by defense counsel, then there truly is insufficient factual support for the motion that he has filed, and the motion should be denied. However, to the extent that defendant is continuing to rely upon the affirmation filed by his attorney, the Government is entitled to rebut the arguments in that affirmation and in the motion with the defendant's statements contained in pre-trial report.[1]

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: _____
Christine Y. Wong
Assistant United States Attorney
(212) 637-2460

cc:    Robert Baum, Esq. (by facsimile, 212-571-0392)

---

[1] Defense counsel also argues that the Government failed to make any response regarding its attempts to locate defendant at the address in the Bronx. The Government's letter requesting disclosure of the pre-trial report was limited to that subject; the Government intends to argue at length in its response to defendant's motion to dismiss that the Government exercised due diligence in attempting to locate him.

**Westlaw**

Slip Copy

Page 1

Slip Copy, 2008 WL 376381 (C.A.2 (N.Y.))
(Cite as: Slip Copy)

**H**

U.S. v. Ramos
C.A.2 (N.Y.),2008.
Only the Westlaw citation is currently available.This case was not selected for publication in the Federal Reporter.Not for Publication in West's Federal Reporter RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)", UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.Summary orders prior to January 1, 2007 are subject to additional limitations. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan 1, 2007. See also Second Circuit Rule U.S.Ct. of App. 2nd Cir. s 0.23, 28 U.S.C.A. (Find CTA2 Rule 0.23)
United States Court of Appeals,Second Circuit.
**UNITED STATES** of America, Appellee,

v.

Mario **RAMOS**, Defendant-Appellant.
No. 06-2905-cr.

Feb. 11, 2008.

**Background:** Defendant was convicted in a jury trial in the United States District Court for the Southern District of New York, Kram, J., of conspiracy to distribute and to possess with intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine, for which he was sentenced to 240 months' imprisonment. Defendant appealed.

**Holdings:** The Court of Appeals held that:

(1) district court was authorized to use defendant's pre-trial services report to impeach his claim that he had been living at his known address during delay between his indictment and arrest;

(2) defendant was a fugitive avoiding prosecution during five-and-a-half-year delay between his indictment and arrest; and

(3) government exercised due diligence in attempting to locate and apprehend defendant throughout delay.

Affirmed.

[1] Criminal Law 110 ☞0

110 Criminal Law
District court was authorized to use defendant's statements made in pre-trial services report strictly to impeach defendant's contradictory affidavit in which he claimed to have been living, rather than in Dominican Republic as argued by government, at his known address and easy to locate had authorities used due diligence in apprehending him, which claim was central to his speedy trial claim; statements were not admitted on issue of guilt in the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 376381 (C.A.2 (N.Y.))
(Cite as: Slip Copy)

criminal proceeding. U.S.C.A. Const.Amend. 6; 18 U.S.C.A. § 3153(c).

**[2] Criminal Law 110 ⊂⇒0**

110 Criminal Law
Defendant was a fugitive avoiding prosecution during five-and-a-half-year delay between his indictment and arrest, and thus, his speedy trial rights were not violated, in prosecution for drug trafficking conspiracy; although defendant claimed to have been living at his known address during the delay and thus easily located, defendant made contradictory statements in his pre-trial services report and his daughter provided inconsistent testimony of defendant's whereabouts. U.S.C.A. Const.Amend. 6.

**[3] Criminal Law 110 ⊂⇒0**

110 Criminal Law
Government exercised due diligence in attempting to locate and apprehend defendant throughout five-and-a-half-year delay between his indictment and arrest, and thus, defendant's speedy trial rights were not violated by the delay; government conducted continuing interviews with informants and coconspirators regarding defendant's whereabouts, weekly surveillance on defendant's apartment, and promptly pursued defendant once he was identified. U.S.C.A. Const.Amend. 6.

Richard B. Lind, New York, NY, for Defendant-Appellant.
John P. Cronan, Assistant United States Attorney (Diane Gujarati, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present JON O. NEWMAN, RALPH K. WINTER and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

*1 UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED

that the judgment of the district court is affirmed.

Defendant-appellant Mario Ramos appeals from a judgment of the United States District Court for the Southern District of New York (Kram, J.) entered on June 15, 2006, convicting him, following a jury trial, of conspiracy to distribute and to possess with intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. Ramos was sentenced principally to 240 months' imprisonment and ten years of supervised release. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Ramos argues that his conviction should be reversed because the district court erred in denying his motion to dismiss the indictment on the grounds that the length of time between the filing of his indictment in September 1998 and his arrest in March 2004 violated his right to a speedy trial under the Sixth Amendment.[FN1] In determining whether a pre-trial delay constitutes a constitutional violation, a court must examine four factors: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."*Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Ramos claims that the district court erred in balancing three of the factors when it concluded that he was more to blame for the delay than the government, that he failed to assert timely his right, and that the delay did not cause him significant prejudice. Reviewing the district court's decision for abuse of discretion, *see United States v. Williams,* 372 F.3d 96, 113 (2d Cir.2004), we conclude that the district court did not err in balancing the *Barker* factors.

Ramos's central challenge is to the district court's finding that he was more to blame than the government for the five-and-a-half-year delay between his indictment and arrest because he asserts that he was not eluding authorities and the government failed to exercise due diligence in arresting him. *See United States v. Doggett,* 505 U.S.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 376381 (C.A.2 (N.Y.))
(Cite as: Slip Copy)

647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (clarifying that the second *Barker* inquiry-the reason for delay-is "whether the government or the criminal defendant is more to blame for that delay"). The government counters that the delay was justified because Ramos was a fugitive avoiding arrest in the Dominican Republic and authorities made a good-faith effort to bring him to trial following his indictment.

[1] As an initial matter, Ramos asserts that the district court's entire analysis of the reason for delay is flawed because it erroneously used statements he made for a pre-trial services report as substantive evidence that he was in fact in the Dominican Republic during much of the period between his indictment and arrest and was not living, as he maintained, at his known address in New York. *See* 18 U.S.C. § 3153(c) (making "information obtained in the course of performing pretrial services functions in relation to a particular accused ... not admissible on the issue of guilt in a criminal proceeding"). The district judge explicitly stated, however, that she was not adopting the contents of the report, instead using them only to impeach the defendant's contradictory affidavit. *See United States v. Griffith*, 385 F.3d 124, 126 (2d Cir.2004) ("[A] defendant's statements to pretrial services are admissible against the defendant when used to impeach the defendant's credibility."). We see no reason in the record to question the district court's stated use of the evidence and conclude that it did not err in doing so.

*2 [2] With regard to the merits of the reason for delay, Ramos argues, based on his own affidavit and his daughter's testimony, that he was never a fugitive avoiding prosecution because he lived with his family at a known address in New York between 1998 and 2004. Considering the contradicting statements Ramos made to pre-trial services and his affidavit regarding his whereabouts between 1998 and 2004, the inconsistencies between his affidavit and his daughter's testimony on his living situation, and the government's sur-

veillance of the address where Ramos claims to have lived, we cannot conclude that the district court erred in finding that Ramos was a fugitive avoiding prosecution.

[3] Ramos further contends that, whether or not he was a fugitive, the government failed to satisfy its "obligation to exercise due diligence in attempting to locate and apprehend [him]," *Rayborn v. Scully*, 858 F.2d 84, 90 (2d Cir.1988). Specifically, Ramos asserts that the government failed to notify the New York Department of Motor Vehicles and immigration authorities about his arrest warrant, failed to seek his extradition from the Dominican Republic, and failed to interview his family and neighbors, including his building's superintendent. We conclude that the district court did not abuse its discretion in finding due diligence in light of the government's continuing interviews with informants and co-conspirators regarding Ramos's whereabouts, weekly surveillance on Ramos's apartment for six months after his attempted arrest, entry and maintenance of Ramos's personal details into three criminal databases, and prompt pursuit of Ramos once he was identified through a NCIC database check.[FN2] While the government could have taken additional steps to pursue Ramos, "law enforcement officials are not expected to make heroic efforts to apprehend a defendant who is purposefully avoiding apprehension or who has fled to parts unknown," *id.* at 90. Furthermore, even if the government was partially responsible for the delay after 2003 because of its failure to place a stop alert with the DMV, as the district court found, we conclude that the district court was well within its discretion in determining that Ramos was principally to blame for the delay.

Finally, Ramos argues that the district court erred in balancing two additional *Barker* factors: the defendant's assertion of his right and the prejudice to the defendant. "[T]he lack of timeliness ... of [a defendant's] assertions militates against according them strong evidentiary weight." *Id.* at 93. Accordingly, the district court acted within its

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                 **Page 4**
Slip Copy, 2008 WL 376381 (C.A.2 (N.Y.))
(Cite as: Slip Copy)

discretion in lightly taxing against Ramos the two-year interval between his arrest and assertion of his right, while also acknowledging that Ramos may have been unaware of his right to a speedy trial. On the final factor, Ramos asserts that the five-and-a-half-year delay, and the death of a government witness during this delay, caused him significant prejudice and should have been weighed more heavily against the government. Ramos failed, however, to specify how his inability to cross-examine the government's witness harmed him More importantly, "[w]e are not likely to be easily persuaded by the complaint of an appellant that [he] was prejudiced by delay when the appellant caused the delay."*United States v. Blanco*, 861 F.2d 773, 780 (2d Cir.1988). In view of its determination that Ramos was more to blame for the delay in his arrest, the district court was correct in not weighing this last factor heavily against the government.

*3 Having concluded that the district court did not err in its analysis of the individual *Barker* factors, we hold that the district court did not abuse its discretion in balancing those factors and finding that Ramos's Sixth Amendment right to a speedy trial was not violated.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

FN1. While Ramos also states that his statutory rights under the Speedy Trial Act were violated, his brief addresses only his constitutional claim. As such, we deem any challenge beyond one based on his constitutional right to a speedy to trial to be waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.")

FN2 Ramos argues that the district judge should have discounted the government's evidence regarding its diligence because its sole testifying witness joined the case after

Ramos's arrest and consequently lacked personal knowledge of the government's efforts to apprehend him. While personal knowledge of the government's efforts may be required in certain instances, under the facts of this case, the district court did not err in according weight to this evidence.

C.A.2 (N.Y.),2008.

U.S. v. Ramos

Slip Copy, 2008 WL 376381 (C.A.2 (N.Y.))

**END OF DOCUMENT**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.