UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA        :

       - V -                    :          _____

**MARVIN MCFOY**                :          **05 Cr. 1311 (PAC)**

              Defendant.        :
------------------------------X

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARVIN MCFOY'S MOTION TO DISMISS THE INDICTMENT AND GRANT DISCOVERY

LEONARD F. JOY, ESQ.
Federal Defenders of New York
Attorney for Defendant
**Marvin McFoy**
52 Duane Street - 10th Floor
New York, New York 10007
(212) 417-8760

**ROBERT M. BAUM, ESQ.**

<u>Of Counsel</u>

TO: MICHAEL J. GARCIA, ESQ.
    United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York 10007
    Attn:   **Christine Y. Wong, Esq.**
            **Randall W. Jackson, Esq.**
            Assistant United States Attorneys

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------X
UNITED STATES OF AMERICA      :

          - V -               :

MARVIN MCFOY                  :

          Defendant.    :
-----------------------------X
```

                                            05 CR. 1311 (PAC)


### REPLY MORANDUM OF LAW IN SUPPORT OF DEFENDANT MARVIN MCFOY'S MOTION TO DISMISS THE INDICTMENT AND GRANT DISCOVERY


### PRELIMINARY STATEMENT

This reply memorandum is submitted in response to the Government's Memorandum of Law opposing Mr. McFoy's Motion To Dismiss the Indictment on the ground that the government has violated his Sixth Amendment right to a speedy trial, and alternatively, for discovery.

The Government argues that the defendant is not entitled to a hearing because the affidavit previously submitted by defense counsel in support of the motion is not based on personal knowledge. See Memorandum of law by Christine Y. Wong, Esq., and Randall W. Jackson, Esq., on behalf of the Government ("Gov't. Memo") at 5. The Government also argues that DEA agents diligently searched for McFoy and could not locate him because they "reasonably" concluded that he was aware of the arrest of an

alleged co-conspirator and had fled the jurisdiction. Gov't. Memo
at 13, 15.  The Government's arguments must be rejected.


## ARGUMENT

**I.      THE AFFIRMATION SUBMITTED BY DEFENSE COUNSEL
         COMBINED WITH THE AFFIRMATIONS ANNEXED HERETO
         SUFFICIENTLY RAISE ISSUES OF FACT REQUIRING A HEARING**

    The Government has correctly identified the applicable law
governing the determination as to whether or not a hearing must
be granted. There must be "sufficient facts which, if proven,
would require the granting of the relief sought." Gov't. Memo at
4, citing United States v. Culotta, 413 F.2d 1343, 1345 (2d Cir.
1969); United States v. Gillette, 383 F.2d 843, 848-49 (2d Cir.
1967). The Government cannot contend that an affirmation
submitted by an attorney is insufficient as a matter of law. The
cases they cite hold only that an affirmation by an attorney is
insufficient if it is not made upon personal knowledge sufficient
to raise a material issue of fact. See United States v. Collazo,
1997 WL 193328 at * 1(S.D.N.Y.).

    The Government incorrectly asserts that the affirmation by
defense counsel fails to raise sufficient facts, on personal
knowledge, to warrant a hearing. Gov't. Memo at 5-6. Counsel's
affirmation, paragraphs 1 - 7 are each founded upon personal
knowledge. They raise the heart of the issue on a constitutional
speedy trial motion, that Mr. McFoy was in fact not arrested

2

until 23 months after his indictment was filed. Paragraph 9, on
personal knowledge supported by documentary evidence,
demonstrates just what it purports. From 2002 until the time of
his arrest, numerous government databases reflect his address to
be 1368 Sheridan Avenue, Bronx, New York. Although the Government
seeks to point out that some of the defense exhibits remain
undated, they support the assertion set forth in the affirmation.
Simply put, that Government databases reflect a specific address.
Most important, is that one document, Defense Exhibit E,
demonstrates that during the crucial 23 month period asserted in
the defense speedy trial motion, Mr. McFoy advised a lawyer of
his address, received mail at that address and notified the U.S.
Citizenship and Immigration Service of the same address, 1368
Sheridan Avenue.

     The only claim that the Government can make in support of
their argument regarding defense counsel's affirmation, is that
of the 11 paragraphs provided, the statement in one paragraph,
that Mr. McFoy lived continuously at 1368 Sheridan Avenue from
2002 to 2007, is not based on personal knowledge. However, that
allegation is based on a sufficient amount of mail and
documentation personally reviewed by counsel, to support that
assertion.

     Although counsel asserts that the initial filing is
sufficient on its face to raise contested issues of fact, the

attached affirmations of Marvin McFoy (Exhibit F), and Abdoulaye Idrissa (Exhibit G), are dispositive of the issue. To the extent that the Government contests the accuracy of those factual assertions, any contested issues of fact must be resolved by a hearing.

**II.          MARVIN MCFOY'S CONTINUOUS RESIDENCE IN THE BRONX DEMONSTRATES THAT HE DID NOT FLEE AND THAT THE DEA AGENTS DID NOT EXERCISE DUE DILIGENCE**

The affirmation by DEA agent James Lee erroneously concludes that Marvin McFoy was not living at 1368 Sheridan Avenue in January, 2006. The Government adopts this position and argues that as a result, Mr. McFoy's flight prevented the Government from exercising due diligence and demonstrates that the defendant did not make a timely speedy trial request. Gov't. Memo at 111, 15. The Government is wrong.

According to Agent Lee, he went to Mr. McFoy's apartment, pushed open the door and "observed that the room had no furniture." This fact, combined with the arrest of an alleged co-conspirator 6 months earlier, and the fact that on 3 occasions during a 3 week period in December 2005 to January 2006, Mr. McFoy was not observed by surveillance teams, caused him to reach that conclusion.

First, the observations in the apartment claimed to have

been made by Agent Lee are not possible. The affirmations of defense investigator, Raymond Dyson, (Defense Exhibit H), supported by photographs, and Mr. McFoy's affirmation, conclude that from the doorway of apartment 5C the only room visible is the kitchen. That view is partially obstructed. The kitchen does not contain any furniture. All other rooms are not visible from the front door.

Second, the conclusion that Mr. McFoy fled after being advised of the arrest of a potential co-conspirator is illogical at best. According to documents provided in discovery, the arrest of the alleged co-conspirator occurred on July 8, 2005. During the remainder of that summer, Mr. McFoy was observed by surveillance teams "on approximately six separate occasions (See Lee Affidavit at ¶ 4). It is illogical to conclude that within two months of that arrest Mr. McFoy did not flee but fled months later after no other arrests were initiated. Furthermore, there is no evidence to show that Mr. McFoy was aware of that arrest. Although Agent Lee claims that other alleged co-conspirators were aware and spoke about it, during that same time period, agents were intercepting calls "over a cellular phone used by McFoy" and never heard **him** talk about it. They nevertheless reach the conclusion without any substantive basis, that he "should" have known.

Mr. McFoy's 8 year old daughter who lives with him, has been

continuously attending school in the Bronx during the period of time in which the Government claims Mr. McFoy fled. From September, 2005, to June 2006, she was absent from school for a total of 3 days. From September, 2006 to June, 2007, she had perfect attendance. Exhibit I.

What is abundantly clear in the Government's response and Agent Lee's affirmation, is that for a period of 22 months after agents allegedly went to 1368 Sheridan Avenue, they never returned to that location to look for Mr. McFoy, despite the fact that they were unsuccessful in any other attempts to locate him. In addition, although they had knowledge that Mr. McFoy had an address in Georgia, Agent Lee does not indicate that any attempt was ever made to investigate that address to locate Mr. McFoy. Contrary to the Government's argument, it is clear that their lack of effort to investigate the obvious, represents a lack of due diligence, indeed "findable negligence," supporting one of the criteria for dismissal imposed on the Government by the Supreme Court.

The Government bears an affirmative burden of showing that it was not negligent and that it acted with reasonable diligence. Doggett v. United States, 112 S.Ct. 2686, 2693 (1992). In an attempt to shift that burden, the Government argues that the Speedy Trial statute, 18 U.S.C. § 3161(h)(3)(B) would exclude any period of delay resulting from the defendant's absence. Gov't.

Memo at 13-14. That statute does not address the constitutional requirement of a speedy trial and their argument conflates two separate and distinct legal principles. In fact, the Second Circuit has held that the Government's requirement to exercise due diligence in attempting to locate and apprehend an accused applies even if he is a fugitive who is fleeing prosecution. <u>Rayborn v. Scully</u>, 858 F.2d 84, 90 (2d Cir. 1988)(citations omitted).

### III.        MR. MCFOY HAS SUFFERED SUBSTANTIAL PREJUDICE DUE TO THE DELAY CAUSED BY THE GOVERNMENT

Mr. McFoy has previously asserted that he has suffered substantial prejudice as a result of the Government's delay over the 23 month period between indictment and arrest. He alleged that defense witnesses "who would corroborate Mr. McFoy's defense" have disappeared. It is believed that two of the three witnesses lost to the defense have left the country. The location of the third is unknown.

Memuna Baptiste was a witness to the defendant's employment in the summer of 2005, when it is alleged that Mr. McFoy was a co-conspirator in a conspiracy to distribute drugs. To the extent that the surveillance mentioned in Agent Lee's affirmation mistakenly identifies Mr. McFoy as meeting with other alleged co-conspirators at specific locations and at specific times, she would have been an alibi witness. In addition, she would have

identified the steady employment which was the source of Mr. McFoy's income, and been able to testify that to the extent that Mr. McFoy had dealings with other co-conspirator's, those dealings were related to his employment. Ms. Baptiste is now believed to be out of the country.

Agent Lee's affirmation makes mention of Mr. McFoy's presence at the "Unity African Market." Clement Quist would have testified concerning the legitimate and legal reasons Mr. McFoy may have frequented that location. He is now missing and believed to be living elsewhere in the United States. It is believed that the Government will claim that drugs were being trafficked into and out of the African Market.

Collins Balfour may have been mentioned in some of the wiretap conversations. Mr. Balfour would have testified concerning the context in which his name was mentioned and the legal relationship he had with Mr. McFoy other than in the context of the distribution of drugs. He is believed to have left the country.

The government would be hard pressed to prove that the twenty three month delay caused by its own negligence has not impaired Mr. McFoy's defense. See United States v. Shell, 974 F.2d 1035, 1036 (9th Cir. 1992)(government failed to rebut presumption of prejudice; indictment dismissed).

**CONCLUSION**

For all the foregoing reasons, the Indictment should be dismissed on the ground that Mr. McFoy's constitutional right to a speedy trial under the Sixth Amendment has been violated.

Dated:  New York, New York
        March 18, 2008

                          Respectfully submitted,

                          LEONARD F. JOY, ESQ.
                          Federal Defenders of New York


                    By:   _____
                          **ROBERT M. BAUM, ESQ.**
                          Assistant Federal Defender
                          Attorney for Defendant
                              **Marvin McFoy**
                          52 Duane Street - 10th Floor
                          New York, New York 10007