```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,         :

          - v. -                  :    05 Cr. 1311 (PAC)

MARVIN MCFOY,                     :

                Defendant.        :

- - - - - - - - - - - - - - - - - x
```

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT MARVIN MCFOY'S PRETRIAL DISCOVERY MOTIONS**

                                                 **MICHAEL J. GARCIA**
*United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007*

RANDALL W. JACKSON
*Assistant United States Attorney*
    *-Of Counsel-*

**PRELIMINARY STATEMENT**

The Government respectfully submits this memorandum of law in opposition to defendant Marvin McFoy's pre-trial motion for discovery.

The defendant requests that the Court direct the Government to produce ten specific additional discovery items. The Government has no objection to certain of the defendant's discovery requests, as detailed below. The bulk of the defendant's requests, however, are without merit or moot. For the reasons set forth below, the Court should deny these requests.

**BACKGROUND**

**A.   Offense Conduct**

In or about the summer of 2005, DEA agents were conducting an investigation of individuals engaged in a conspiracy to distribute narcotics. As part of that investigation, Court-authorized interceptions were obtained over a cellular telephone used by the defendant and over telephones used by his co-conspirators. See Affirmation of James Lee ("Lee Aff."), attached as Exhibit 1, at ¶ 3. During the course of the investigation, the agents were able to identify McFoy and determined that he lived at 1368 Sheridan Avenue, Apartment 5C, Bronx, New York ("1368 Sheridan Avenue"). Lee Aff. at ¶¶ 4, 6.

In or about July 2005, one of the defendant's co-conspirators ("CC-1") was arrested with approximately 460 grams of heroin and $16,000 in cash. DEA agents monitoring the wire-tapped phones overheard McFoy's other co-conspirators, including his co-defendants, discussing the arrest of CC-1. Lee Aff. at ¶ 9.

On or about December 15, 2005, defendant Marvin McFoy and two other individuals were charged in an indictment with participating in a conspiracy to violate the narcotics laws of the United States. The Indictment charges that it was part and object of the conspiracy that all three defendants unlawfully, intentionally, and knowingly would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 100 grams and more of mixtures and substances containing a detectable amount of heroin, in violation of Sections 812, 841(a)(1), and 841(b)(1)(B) of Title 21, United States Code. Arrest warrants issued for all three defendants. Lee Aff. at ¶ 9.

After the warrants were issued, DEA agents were unable to locate McFoy, despite diligent efforts to do so, until November 5, 2007.  McFoy was arrested on November 5, 2007, when Deputy United States Marshals with the United States Marshals Service interviewed Marvin McFoy, the defendant, in connection with an unrelated case and discovered, after running a warrant

check on his name and date of birth, that there was an outstanding warrant for his arrest. Lee Aff. at ¶ 15.

### B. Post-Indictment Discovery

On or about December 3, 2007, pursuant to the defendant's request, the Government produced Rule 16 discovery to the defendant. The Government produced: (1) a copy of the Indictment; (2) a New York Police Department lab report; (3) the Marshals intake form and photo for the defendant; (4) the wire applications and other related documents for phones with assigned call numbers (646)894-6458, (646)418-7792, (908)652-1093, and (646)418-7792; (5) the line sheets for intercepted calls most relevant to the defendant; and (6) compact disks containing line sheets and recorded phone calls for all calls intercepted over above-referenced phone lines. The Government also made other evidence available for inspection.

In its December 3, 2007 letter, the Government included a paragraph recognizing its disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and informed the defendant that it was as yet unaware of any Brady material regarding the defendant. The Government also informed the defendant that he would be provided with material under Giglio v. United States, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

**ARGUMENT**

    A.    **THE COURT SHOULD DENY CERTAIN OF THE DEFENDANT'S DISCOVERY REQUESTS AS MOOT, PREMATURE, OR LACKING A LEGAL BASIS.**

The defendant has requested: (1) "the names, addresses and phone numbers for any confidential informant who will testify that Mr. McFoy was directly involved in a conspiracy to possess or distribute narcotics so that defense counsel may contact them and interview them as to their direct knowledge of the guilt or innocence of Mr. McFoy"; (2) "results of all scientific tests performed on items and property seized in relation to the offense, or which the government will seek to introduce at trial"; (3) "any statements which the government intends to use at trial whether or not such statements were recorded, including statements the government will seek to introduce pursuant to Rule 801(d)(2)(E) (statement by co-conspirator) of the Federal Rules of Evidence; and advise counsel of any statements made even if the government will not use such statements on their direct case"; (4) "draft transcripts of any audio tapes which the government intends to use at trial at least three weeks in advance of trial so that counsel may compare such transcripts to the actual tapes and if necessary address their accuracy at an audibility hearing" (5) "at least two weeks in advance of trial . . . any 404(b) evidence which the government intends to introduce at trial"; (6)"all information, including all documents,

regarding payments made to the confidential informant(s) prior to the information provided in this case as well as any payments made to date"; (7) "the names and indictment numbers of all cases in which the informant was a witness or potential witness, or in which he provided information leading to an arrest" (8) "names and addresses of all individuals concerning whom the informant provided information of criminal activity which did not result in an arrest"; (9) "the date of birth of the confidential informant(s)"; and (10) "whether the confidential informant identified Mr. McFoy prior to his arrest either by photograph or some form of corporeal identification, setting forth the date, time, and place of such identification, names of those present, and a copy of any photograph used in the identification." See McFoy Pretrial Mot. at 10-12.[1] The defendant cites Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972), and United States v. Agurs, 427 U.S. 97 (1976), in support of his requests. Id. With the exceptions of the items described later in this memorandum, the Court should deny the requests as moot, premature or without merit.[2]

---

[1] Because the defendant's list of requests does not include an item "(4)", the list above is numbered differently from the list in the defendant's brief.

[2] The Government has, as described in the Background Section of this Memorandum, already produced many of these items to McFoy pursuant to Federal Rule of Criminal Procedure 16. Of course, the Government recognizes that its obligation to provide discovery is of a continuing nature, and the Government will, if it obtains additional evidence, supplement its production of material required by Rule 16(a)(1)(A) and any other provision of Rule 16, for that matter.

5

First, the only scientific tests results relevant to the defendant's prosecution are the aforementioned NYPD lab reports evidencing the presence of narcotics in substances seized during the course of the investigation. As described above, these tests results were produced to the defendant on December 3, 2007. Request #2 has therefore already been fulfilled, and should be denied as moot.

Second, with respect to the defendant's broad demand regarding statements that either he or his co-defendants may have made in response to interrogation by government agents, the Government notes that to the extent that the defendant is requesting his own statements, they have already been produced. To the extent that the defendant is requesting disclosure of such statements made by his co-defendants, he has failed to cite any authority indicating that he is entitled to these statements. Finally, to the extent that the defendant is making any request for either: (1) information related to oral statements he or his co-defendants have made where such statements were <u>not</u> given in response to interrogation by a person that defendant knew was a government agent; or (2) records/other information regarding statements his co-defendants may have made, his request has no basis in law.  <u>See, e.g.</u>, Fed. R. Crim. P. 16(a)(1)(A) and (B); <u>In re United States</u>, 834 F.2d 283, 286-87 (2d Cir. 1987) ("[A]llowing a defendant to discover the statement of a

coconspirator as his own would transmogrify the coconspirator into the person of the defendant himself . . . . [A] defendant who fears further disclosure by a coconspirator could take whatever unlawful steps are necessary to insure that his alter ego is silenced.").[3]

"Discovery of statements by alleged co-conspirators that the Government will seek to introduce pursuant to Fed. R. Evid. 801(d)(2)(E) is not required."  United States v. Robles, No. 04 Cr. 1036 (GEL), 2005 WL 957338, at *1 (S.D.N.Y. Apr. 22, 2005); see also In re United States, 834 F.2d at 286 & n.2. Federal Rule of Criminal Procedure 16(a)(1)(A)-(B) specifies the statements that must be discovered to the defendant, but does not mention statements falling within the purview of Rule 801(d)(2)(E).  Statements of non-testifying co-conspirators are therefore "not discoverable absent a requirement that they be produced under the Brady doctrine."  United States v. Nachamie, 91 F. Supp. 2d 565, 578 (S.D.N.Y. 2000); United States v. Tochelmann, No. 98 Cr. 1276 (JFK), 1999 WL 294992, at *4 (S.D.N.Y. May 11, 1999) ("It is well settled that co-conspirator statements are not discoverable under Fed. R. Crim. P. 16(a) and (c) (governing governmental disclosure), and that such statements are not considered 3500 material under the Jencks Act.").

---

[3] The Government notes, however, that should it call any witness at trial whose statements about McFoy have been recorded, the Government will produce the records of such statements in accordance with its obligations under the Jencks Act.

Moreover, "dispute concerning the admissibility of a co-conspirator statement offered by the Government under Federal Rule of Evidence 801(d)(2)(E) is to be resolved at trial and no pre-trial ruling or conference is necessary." Tochelmann, 1999 WL 294992, at *4. As the Government disclosed in its December 2007 discovery letter, it is currently unaware of any Brady material, including any coconspirator statements that could be so construed. Request #3 should therefore be denied.

### B. THE DEFENDANT'S REQUESTS REGARDING A CONFIDENTIAL INFORMANT SHOULD BE DENIED AS MOOT.

As detailed above, the defendant's discovery Requests #1, #6, #7, #8, #9, and #10[4] are all based on the assumed existence of a confidential informant who was used in the investigation of the defendant. None of the documents that have been turned over to the defendant, including the wire applications and related materials, mention the use of a confidential informant. The Government has informed defense counsel that no confidential informant was used, and it hereby so informs the Court. Because there was no confidential informant, the Government certainly does not anticipate calling any such informant at trial. These requests should therefore be denied as moot.

---

[4] Again, this numbering references the numbering of the requests as described in the Government's brief.

8

C. **THE GOVERNMENT INTENDS TO FULFILL CERTAIN OF THE DEFENDANT'S DISCOVERY REQUESTS ON THE TIME LINE PROPOSED BY THE DEFENDANT**.

The Government intends to provide the defendant with "draft transcripts of any audio tapes which the government intends to use at trial," (Request #4) three weeks in advance of trial, as proposed by the defendant.

The Government also intends to provide the defendant with "any 404(b) evidence which the Government intends to introduce at trial," (Request #6), at least two weeks before trial, as proposed by the defendant.[5]

---

[5] It should be noted that Rule 404(b) provides no strict time deadline for notification. The rule merely requires that the Government provide "reasonable notice in advance of trial, or during trial, if the court excuses pretrial notice on good cause shown" of its intent to use evidence of other crimes, wrongs, and bad acts. Fed. R. Evid. 404(b) (emphasis added). Ten days' notice has routinely been held to be adequate under the notice provision of Rule 404(b). See United States v. Valenti, 60 F.3d 941 (2d Cir. 1995) (in embezzlement case, four days' notice of evidence of prior wire transfers showing defendant's knowledge sufficient notice of other acts evidence under Rule 404(b)); United States v. Triana-Mateus, 2002 WL 562649, at *6 (directing Government to provide 404(b) notice two weeks before trial). Requiring substantially more than ten days' notice would be inappropriate, however, because the evidence that the Government wishes to offer may well change as the proof and possible defenses crystallize. See United States v. Matos-Peralta, 691 F. Supp. 780, 791 (S.D.N.Y. 1988). For the same reason, the Second Circuit has approved disclosure of Rule 404(b) evidence as late as four days before trial, and even during trial, depending on the circumstances of the particular case. See United States v. Valenti, 60 F.3d 941, 945 (2d Cir. 1995) (notice four days prior to trial sufficient where Government provided documents to defense on same day they were obtained).

## **CONCLUSION**

For the foregoing reasons, except where consent is noted, the Government respectfully requests that the Court deny defendant the defendant's discovery requests.


Dated:     New York, New York
           April 1, 2008

                         Respectfully submitted,

                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York


                     By:_____/s/_____
                         Randall W. Jackson
                         Assistant United States Attorney
                         Tel.: (212) 637-1029

**AFFIRMATION OF SERVICE**

      RANDALL W. JACKSON, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

      That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York. That, on April 1, 2008, I caused copies of the Government's Memorandum of Law in Opposition to Defendants' Pretrial Motions to be delivered by ECF to:

      Robert M. Baum, Esq.
      Federal Defenders of New York, Inc.
      52 Duane Street - 10th Floor
      New York, New York 10007

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    New York, New York
           April 1, 2008

                                            _____/s/_____
                                            Randall W. Jackson
                                            Assistant U.S. Attorney