UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

— — — — — — — — — — — — — — — — — x

|                               |   |                      |
|-------------------------------|---|----------------------|
| UNITED STATES OF AMERICA,      | : |                      |
|                               | : |                      |
| v.                            | : |                      |
|                               | : |                      |
| MARVIN McFOY                  | : | 05 Cr. 1311 (PAC)    |
|                               | : |                      |
| Defendant.                    | : |                      |
|                               | : |                      |

— — — — — — — — — — — — — — — — — x

<u>DEFENDANT McFOY'S REQUESTS TO CHARGE</u>

LEONARD F. JOY, ESQ.
Federal Defenders Of New York, Inc.
Attorneys for Defendant Marvin McFoy
52 Duane Street – 10th Floor
New York, New York 10007
(212) 417-8700

# TABLE OF CONTENTS

REQUEST NO.                                                    PAGE

REQUEST NO. 1 Function of Court and Jury ............ 2

REQUEST NO. 2 Sympathy:  Oath of Jurors ............ 4

REQUEST NO. 3 Improper Considerations  ............. 5

REQUEST NO. 4 All Parties Stand Equally Before
              the Court ........................... 6

REQUEST NO. 5 Burden of Proof and Presumption of
              Innocence .......................... 7

REQUEST NO. 6 Reasonable Doubt ..................... 8

REQUEST NO. 7 Jury's Recollection Controls:  Statements
              of Court and Counsel Not Evidence ... 10

REQUEST NO. 8 Stipulations (If Applicable) ........ 12

REQUEST NO. 9 Direct and Circumstantial Evidence,
              Inferences ......................... 13

REQUEST NO. 10 Credibility of Witnesses ............ 16

REQUEST NO. 11 Testimony of Law Enforcement Officials 19

REQUEST NO. 12 Prior Inconsistent Statements ....... 20

REQUEST NO. 13 Defendant's Election Not to Testify (If
               Applicable) ....................... 22

REQUEST NO. 14 Defendant's Election to Testify (If
               Applicable).........................24

REQUEST NO. 15 Verdict of Guilt or Innocence Must Be
               Unanimous ......................... 25

REQUEST NO. 16 Indictment Not Evidence ............. 27

i

REQUEST NO. 17 Count One:  Conspiracy Generally .... 28

REQUEST NO. 18 The Charge in Count One:  Conspiracy to
               Violate the Narcotics Laws of the United
               States ......................... 29

REQUEST NO. 19 Count One: First Element - Existence of the
               Agreement .........................31

REQUEST NO. 20 The Objects of the Conspiracy in Count
               One - "Distribute" Defined .......... 33

REQUEST NO. 21 Possession with Intent to Distribute  34

REQUEST NO. 22 Count One:  Second Element - Membership
               in the Conspiracy ................... 36

REQUEST NO. 23 Multiple Conspiracies .............. 40

REQUEST NO. 24 Count Thirteen:  Special Interrogatory
               on Drug Quantity ................... 42

REQUEST NO. 25 Use of Tapes and Transcripts ........43

REQUEST NO. 26 Identification of Speakers ..........44

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
- - - - - - - - - -

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
|  | : FILED ELECTRONICALLY |
| v. | : |
|  | : |
| Marvin McFoy, | : 05 Cr. 1311 (PAC) |
|  | : |
| Defendant. | : |
|  | : |

- - - - - - - - - - - - - - - - - - x
- - - - - - - - - -

### DEFENDANT MARVIN McFOY'S REQUESTS TO CHARGE

Defendant Marvin McFoy respectfully requests that the Court include the following in its instructions to the Jury, and further requests the opportunity to supplement or amend these requests to charge, if necessary, in order to conform to the evidence presented at trial.

Request No. 1
Function of Court and Jury

My duty is to instruct you about the law, and it is
your duty to accept these instructions of law and apply them
to the facts as you determine them.  With respect to legal
matters, you must take the law as I give it to you.  If any
attorney has stated a legal principle different from any
that I state to you in my instructions, it is my
instructions that you must follow.  Of course, you must not
substitute your own notions or opinions of what the law is
or ought to be.

As members of the jury you are the sole and exclusive
judges of the facts.  You pass on the evidence.  You
determine to draw whatever reasonable inferences you decide
to draw from the facts as you have determined them, and you
determine the weight of the evidence.  Please do not
conclude from any questions that I may have asked or any of
my rulings on objection or anything else I may have done
during the trial that I have any view as to the credibility
of the witnesses or how you should decide the case.  It is
your sworn duty as jurors to determine the facts.  Any
opinion that I might have regarding the facts is of
absolutely no consequence.

2

It is the duty of the attorneys to object when the other side offers testimony or evidence or argument that the attorney believes is not proper.  It is my job to rule on those objections.  Therefore, why an objection was made or how I ruled on it is not your concern.  You should draw no inference from the fact that an attorney objected to any evidence, nor should you draw any inference from the fact that I may have sustained or overruled an objection.

Similarly, the personalities and conduct of counsel in the courtroom are not an issue in any way.  If you formed reactions of any kind to the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

From time to time, the lawyers and I have had conferences out of your presence or out of your hearing. Those conferences involved procedural or other technical legal matters, and none of the events relating to such conferences should enter into your deliberations.

> Adapted from the charge of Judge Lynch
> in United States v. Chavez, S6 02 CR
> 1301 (GEL) (January 13, 2005).

3

<u>Request No. 2</u>
<u>Sympathy:   Oath of Jurors</u>

Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You are to be guided solely by the evidence in the case.  The crucial bottom line question you must ask yourselves as you sift through the evidence is: did the government prove the defendant's guilt, beyond a reasonable doubt.

It is for you alone to decide whether the government proved the defendant guilty of the crimes charged.  You must decide solely on the basis of the evidence presented, subject to the law as I explain it to you.  It must be clear to you that once you let fear, prejudice, bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

Adapted from the charge of Judge Lynch
in <u>United States v. Chavez</u>, S6 02 CR
1301 (GEL) (January 13, 2005).

4

Request No. 3
Improper Considerations

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in the case.

Adapted from Sand, et al., Modern
Federal Instructions, Instr. 2-11.

5

Request No. 4
All Parties Stand Equally Before the Court

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  The fact that the government is a party and that the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any greater consideration than is accorded to any other party.  By the same token, you must give it no less respect or deference.

The government and each defendant stand on equal footing before you.  Your verdict must be based solely on the evidence or the lack of evidence.  It would obviously be improper for you to consider any personal feelings you may have about a defendant's race or national origin, sex or age.  All persons are entitled to the same presumption of innocence, and the government has the same burden of proof with respect to all persons.

Adapted from the charge of Judge Lynch
in United States v. Chavez, S6 02 CR
1301 (GEL) (January 13, 2005).

Request No. 5
Burden of Proof and Presumption of Innocence

Marvin McFoy has pleaded not guilty and, thus, denies the charges in the indictment.  The government bears the burden of proving the charges against him beyond a reasonable doubt.  A defendant does not have to prove his innocence.  On the contrary, he must be presumed innocent of the charges contained in the indictment.  Marvin McFoy enjoyed this presumption of innocence at the start of the trial.  It continued in his favor throughout the entire trial.  It continues in his or her favor as I instruct you now, and it must remain in his favor during your deliberations in the jury room.  The presumption of innocence is removed as to the defendant if and only if you, as members of the jury, are satisfied that the government has sustained its burden of proving his guilt, beyond a reasonable doubt.

> Adapted from the charge of Judge Lynch
> in United States v. Chavez, S6 02 CR
> 1301 (GEL) (January 13, 2005).

Request No. 6
Reasonable Doubt

This naturally raises the question: What is reasonable doubt? The words almost define themselves. A reasonable doubt is a doubt founded in reason, and arising out of the evidence or lack of evidence in the case. It is a doubt that a reasonable person has after carefully weighing all the evidence. A reasonable doubt is a doubt that appeals to your reason, your judgment, your common sense, your experience. If, after a fair and impartial consideration of all the evidence, you are not satisfied of Mr. McFoy's guilt, if you do not have an abiding conviction of Mr. McFoy's guilt; in short, if you have such a doubt as would cause you as a prudent person to hesitate before acting in a matter of importance to yourself, then you have a reasonable doubt. In that circumstance, it is your duty to acquit the defendant.

On the other hand, if, after a fair and impartial consideration of all the evidence, you have an abiding conviction of a defendant's guilt, if you have a firm belief upon which you would be willing to act without hesitation in important matters in your own life, then you have no reasonable doubt. In that circumstance, it is your duty to convict the defendant.

8

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt.

> Adapted from the charge of Judge Lynch
> in United States v. Chavez, S6 02 CR
> 1301 (GEL) (January 13, 2005); Sand, et
> al., Modern Federal Jury Instructions,
> Instr. 4-2.

Request No. 7
Jury's Recollection Controls:
Statements of Court and Counsel Not Evidence

In determining the facts, you must rely on your own
recollection of the evidence.  The evidence in the case, as
I told you at the beginning, is the sworn testimony of the
witnesses, the exhibits received in evidence, and the
stipulations of the parties.  Any testimony that I have
stricken or excluded, however, is not evidence, and you
should not consider it in deliberating and reaching your
verdict.

Also, if certain testimony was received for a limited
purpose you must follow the limiting instructions I've given
and consider that evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are
those that were received in evidence.  From time to time,
there might have been exhibits that were marked for
identification but were not received in evidence.  Those are
not evidence, nor are materials that we used only to refresh
a witness' recollection.

As I told you at the start of the case, and told you
again as we heard the summations, arguments by the lawyers
are not evidence, because the lawyers were not witnesses.
What they've said to you in their opening statements and in

10

their closing arguments is intended to help you to understand the evidence in reaching your verdict. But if your recollection of the evidence of the facts differs from the lawyers' statements, it is your recollection that controls.

For the same reasons, you're not to consider a lawyer's questions as evidence. Only the witness' answers are evidence, not the lawyer's questions.

Finally, of course, any statements I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you've heard and the exhibits you've seen.

> Adapted from the charge of Judge Lynch in <u>United States v. Chavez</u>, S6 02 CR 1301 (GEL) (January 13, 2005).

11

<u>Request No. 8</u>
<u>Stipulations</u>

In this case, you've heard evidence in the form of stipulations. There were stipulations of testimony and stipulations of fact. A stipulation of testimony is an agreement between the parties that, if called as a witness, a person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. It is for you to determine, however, what effect should be given to that testimony. A stipulation of fact is simply an agreement among the parties that a certain fact is true, and you must regard such agreed facts as true.

> Adapted from the charge of Judge Lynch
> in <u>United States v. Chavez</u>, S6 02 CR 1301
> (GEL) (January 13, 2005).

12

Request No. 9
Direct and Circumstantial Evidence, Inferences

Generally, there are two types of evidence that you may consider in reaching your verdict.  One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he knows by virtue of his own senses, something he has seen, felt, touched or heard.  For example, if a witness testified that when she left her house this morning it was raining, that would be direct evidence about the weather.

The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.  There is a simple example of circumstantial evidence that is often used in this Courthouse:  Say for example, a fact in issue is whether it is raining at the moment, no one who is inside a room can testify directly about that issue without looking out of a window.  Assume, however, that no one can see outside a window and that as we are sitting here, someone walks in with an umbrella that was dripping wet.  Somebody else then walked in with a raincoat that was also dripping wet.

13

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume we could infer that it is raining outside.

On the other hand, that inference could be wrong and incorrect because it may have stopped raining before the person entered the courtroom. In other words, the fact of rain is an inference that could be drawn from the wet raincoat and dripping umbrella, but need not be drawn.

Each juror must be guided by his or her own common sense, experience or judgment, in determining what inferences if any, are justified or reasonable under all the circumstances presented. Also, please bear in mind that an inference is not be to drawn by guesswork or by speculation.

The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all the evidence in the case. If you find that the evidence gives equal or nearly equal circumstantial support of a theory of guilt and a theory of innocence then you must find Mr. McFoy not guilty.

14

Adapted from the charge of the Hon.
Robert P. Patterson,Jr. in <u>United States
v. Grayson</u>, 04 Cr. 1382 (RPP) (Tr. at
221 - 222);see also Ninth Circuit
Pattern Charge 1.5; First Circuit
Pattern Charge 3.05; <u>United States v.
Glenn</u>, 312 F.3d 58, 70 (2d Cir. 2002)
(reversing a conviction for
insufficiency of evidence because the
Government's evidence gave nearly equal
circumstantial support to a theory of
innocence and holding "if the evidence,
viewed in the light most favorable to
the prosecution, gives equal or nearly
equal circumstantial support to a theory
of guilt and a theory of innocence, then
a reasonable jury must necessarily
entertain a reasonable doubt." ).

Request No. 10
Credibility of Witnesses

You've had the opportunity to observe the witnesses as they testified.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.  You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy or to the parties, the witness' biases or impartiality, the reasonableness of what the witness said, the strength or weakness of the witness' recollection, viewed in light of all the other testimony, and any other matter in evidence that may help you to decide the truth and the importance of each witness' testimony.  In other words, what you must try to do in deciding credibility is to size up a witness in light of his or her demeanor, the explanations given, and all the other evidence in the case.  You should use your common sense, your good judgment and your everyday experience in life in making such credibility determinations.

16

In passing on the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony, either with his own testimony or with that of other witnesses.

If you find that any witness has willfully testified falsely as to a material fact, you have the right to reject the testimony of that witness in its entirety.

On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony that commends itself to your belief or that you find corroborated by other evidence.

A witness may be inaccurate, contradictory, even untruthful in some aspects, and yet be truthful and credible in other aspects of his or her testimony.  The ultimate question for you in passing upon credibility is:  did the witness tell the truth.  It is for you to say whether his or her testimony was truthful in whole or in part.

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with one particular party.

17

You should also take into account any evidence that a witness may benefit in some way from the outcome of the case, such as a financial interest.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness has an interest in the outcome of the case does not mean that he or she has not told the truth.  It is for you to decide from your own observations, applying your common sense and experience, and all the other considerations I've mentioned, whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony.  You're not required to disbelieve an interested witness.  You may accept as much of his or her testimony as you deem reliable, and reject as much as you deem unworthy of acceptance.

> Adapted from the charge of Judge Lynch
> in United States v. Chavez, S6 02 CR
> 1301 (GEL) (January 13, 2005).

Request No. 11
Testimony of Law Enforcement Officials

You've heard the testimony of law enforcement officials.  The fact that a witness may be a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is perfectly legitimate for defense counsel to try to attack the credibility of law enforcement witnesses on the ground that their testimony could be colored by a personal or professional interest in the outcome of the case.  It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and, if so, how much weight to give to that testimony.

> Adapted from the charge of Judge Lynch
> in United States v. Chavez, S6 02 CR
> 1301 (GEL) (January 13, 2005).

Request No. 12
Prior Inconsistent Statements

You've heard evidence that at some earlier time, some of the witnesses may have said or done something that counsel argues is inconsistent with their trial testimony. In most cases, the evidence of a prior inconsistent statement was placed before you not because it, in itself, is evidence of the guilt or innocence of the defendant, but only in order to help you decide whether to believe the trial testimony of a witness who may have contradicted something he said in the past.  If you find that the witness made an earlier statement that conflicts with the witness' trial testimony, you may consider that fact in deciding how much of the witness' trial testimony, if any, you should believe.  In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerned something important, or whether it had to do with just a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether

20

the prior statement was inconsistent and, if so, how much, if any, weight to give to the inconsistency in determining whether to believe all or part of the witness' testimony.

> Adapted from the charge of Judge Lynch in <u>United States v. Chavez</u>, S6 02 CR 1301 (GEL) (January 13, 2005).

21

Request No. 13
Defendant's Election Not to Testify (If Applicable)

Mr. McFoy did not testify in this case.  Under our

Constitution he has no obligation to testify or to present

any other evidence because it is the prosecution's burden to

prove him guilty beyond a reasonable doubt.

As I stated earlier, the burden remains with the

prosecution throughout the entire trial and never shifts to

Mr. McFoy.  He is never required to prove that he is

innocent.  The right of a defendant not to testify is an

important part of our Constitution.  As the Supreme Court of

the United States has said,

> it is not everyone who can safely venture on the
> witness stand though entirely innocent of the
> charge against him.  Excessive timidity,
> nervousness when facing others and attempting to
> explain transactions of a suspicious character,
> and offenses charged against him, will often
> confuse and embarrass him to such a degree as to
> increase rather than remove any prejudice against
> him.  It is not everyone, however honest, who
> would therefore willingly be placed on the witness
> stand.

You may not attach any significance to Mr. McFoy's

decision not to testify.  No adverse inference against him

may be drawn by you because he did not take the witness

stand.  You may not consider this against Mr. McFoy in any

way in your deliberations in the jury room.

Adapted from the charge of the Hon. John
S. Martin in <u>United States v. Flanagan</u>,
95 Cr. 105 (JSM) (Tr. at 558 - 59)
(quoting <u>Wilson v. United States</u>, 149
U.S. 60, 66 (1893)).  <u>See also</u> <u>Carter v.
Kentucky</u>, 450 U.S. 288, 300 n.15 (1981);
<u>Griffin v. California</u>, 380 U.S. 609, 613
(1965); charge of the Hon. John S.
Martin in <u>United States v. Anosike</u>, 94
Cr. 717 (JSM)]

<u>Request No. 14</u>
<u>Defendant's Election to Testify</u>

If Mr. McFoy testifies, the defense respectfully requests that the following charges be given:

As I instructed you earlier, the defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the Government at all times, and Mr. McFoy is presumed innocent.

In this case, Mr. McFoy did testify and he was subject to cross-examination, like any other witness. The fact that he testified does not in any way remove or lessen the burden on the Government to prove the charge beyond a reasonable doubt. Mr. McFoy did not have to testify and, in fact, did not have to present any evidence whatsoever.

You should examine and evaluate his testimony just as you would the testimony of any other witness. I also remind you that Mr. McFoy's decision to testify does not in any way shift the burden of proof to him.

24

Request No. 15
Verdict of Guilt or Innocence Must Be Unanimous

It is your duty as jurors to consult with one another and to deliberate together with a view to reaching agreement. Each of you must, in the end, decide the case for himself or herself. But you should do so only after considering the case with your fellow jurors. And you should not hesitate to change an opinion if you're convinced by other jurors that you were in error. Discuss and weigh your respective opinions dispassionately without regard to sympathy, without regard to prejudice or favor to either party, and adopt that conclusion which, in your good conscience, appears to be in accord with the evidence. Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence merely for the purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of the case, based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict. Remember, at all times, you are not partisans, you

25

are judges; the judges of the facts.  Your sole interest is

to determine whether the government proved each and every

element of each offense charged beyond a reasonable doubt

from the evidence in the case.  If you're divided, as I said

before, do not report how the vote stands.  And if you have

reached a verdict, do not tell us what it is until you are

asked in open court.

> Adapted from the charge of Judge Lynch
> in <u>United States v. Chavez</u>, S6 02 CR
> 1301 (GEL) (January 13, 2005).

Request No. 16
Indictment Not Evidence

An indictment is not evidence. It is simply an accusation, a statement of the charges made against each defendant. It gives the defendant notice of the charges against him, and it informs the Court and the public of the nature of the accusation. But it does not create any presumption or permit any inference that a defendant is guilty. You should, therefore, give no weight at all to the fact that an indictment has been returned against Mr. McFoy.

By pleading not guilty to the indictment, Marvin McFoy has denied the essential elements of and the charges against him. It is the prosecutor's burden to prove each of those elements beyond a reasonable doubt for each charge against him. If the prosecution fails to prove each element of any charge beyond a reasonable doubt, you cannot convict Mr. McFoy based on a feeling or impression or hunch that he did something wrong or immoral.

> Adapted from the charge of Judge Lynch
> in United States v. Chavez, S6 02 CR
> 1301 (GEL) (January 13, 2005).

Request No. 17
Count One:  Conspiracy Generally

A conspiracy is an agreement or an understanding between two or more persons to accomplish, by joint action, a criminal or unlawful purpose.  The object of a conspiracy is the illegal goal that the co-conspirators agreed upon or hoped to achieve.  In this instance, the unlawful purpose alleged to be the object of the conspiracy is to possess or distribute narcotics.  If the government fails to prove beyond a reasonable doubt that the object of the agreement was the object charged in the indictment, then you must find the defendants not guilty of the first count.

> Adapted from the charge of Judge Lynch
> in United States v. Chavez, S6 02 CR
> 1301 (GEL) (January 13, 2005).

Request No. 18

The Charge in Count One:  Conspiracy to Violate the
Narcotics Laws of the United States

Count One of the indictment charges the defendant with
participating in a conspiracy to violate the narcotics laws
of the United States.

A conspiracy is a kind of criminal partnership – a
combination or agreement of two or more persons to join
together to accomplish some unlawful purpose.

In order to sustain its burden of proof with respect to
the charge of conspiracy, the government must prove beyond a
reasonable doubt the following four elements.  First, the
existence of the conspiracy charged in the indictment.  In
other words, that there was, in fact, an agreement or
understanding to violate those provisions of the law that
make it illegal to distribute, and posses with intent to
distribute narcotics.  Therefore, the first question for you
with respect to the first count is did the conspiracy
described in the indictment exist.  Second, the government
must prove beyond a reasonable doubt that Marvin McFoy
intentionally became a member of the conspiracy that you are
considering.  That is, that he knowingly joined in the
conspiracy and intentionally participated in the conspiracy

29

to distribute and possess with intent to distribute a

narcotic substance.

> Adapted from the charge of Judge Lynch
> in <u>United States v. Chavez</u>, S6 02 CR
> 1301 (GEL) (January 13, 2005); Sand et
> al., <u>Modern Federal Jury Instructions</u>,
> Instr. 19-3.

Request No. 19
Count One:   First Element – Existence of the Agreement

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreement charged in the indictment.  A conspiracy is an agreement or an understanding between two or more persons to accomplish, by joint action, a criminal or unlawful purpose.  The object of a conspiracy is the illegal goal that the co-conspirators agreed upon or hoped to achieve.

The indictment alleges in Count One that the conspiracy had two objects -- the first being the distribution of a controlled substance, namely heroin, in the United States; and the second being the possession of heroin with the intent to distribute it in the United States.  The government need not prove both of these objects charged beyond a reasonable doubt.  In other words, an agreement to accomplish either one of these objects, to distribute heroin or to possess it with intent to distribute, is sufficient.  Nevertheless, if you do not find that the government proved both of these objects of the conspiracy beyond a reasonable doubt you must be unanimous as to the object that you do

31

find.  It is not enough if six of you believe one object,

and six of you believe a different one.  In other words, to

find the defendant guilty, you must all be in agreement with

respect to at least one of the alleged objects of the

conspiracy.

> Adapted from the charge of Judge Lynch
> in United States v. Chavez, S6 02 CR
> 1301 (GEL) (January 13, 2005); Sand et
> al., Modern Federal Jury Instructions,
> Instr. 19-4.

Request No. 20
The Objects of the Conspiracy in Count One – "Distribute"
Defined

Let me now define the term "distribute."  The word "distribution" means the actual or constructive transfer of a controlled substance.  To distribute means to deliver, pass or hand over something to another person, or to cause something to be delivered, passed on or handed over to another person.  Distribution does not require a sale.

> Adapted from the charge of Judge Lynch
> in United States v. Chavez, S6 02 CR
> 1301 (GEL) (January 13, 2005).

<u>Request No. 21</u>
<u>Possession with Intent to Distribute</u>

Turning to the definition of "possession with intent to distribute," I begin with the concept of possession. Possession is pretty much what it sounds like; that is, having physical custody or control of an object, as, for example, I possess this pen.  I possess it whether I hold it in my hand or whether it is here on the table under my control.

To possess with intent to distribute simply means to possess a controlled substance, with the intention or purpose to distribute it to another person or persons, as I have defined that to you.  As I have explained, distribute means simply to transfer to another.  Basically, what you are determining, if you find that a defendant had, or intended, or agreed to have, possession of drugs, is whether the drugs in the defendant's possession were for his personal use, or for the purpose of distribution or delivery to someone else.

How can you tell whether a person intended to distribute drugs?  Since you can not read a person's mind, you must make an inference from his behavior.  However, you cannot find someone guilty unless these inferences convince

34

you beyond a reasonable doubt that the person had the intention to distribute the controlled substance.    If someone possessed drugs for his personal use rather than for purposes of distribution or delivery to another, he would not be guilty of this offense.

It may be possible to infer an intention to distribute from the quantity of drugs that you find were involved, although the possession of a large quantity of narcotics does not necessarily mean that the possessor intended to distribute them.    On the other hand, a person may have intended to distribute a controlled substance even if he only possessed a small amount of it.    You should make your decision whether the government has proved beyond a reasonable doubt that the defendant intended to distribute controlled substances from all of the evidence presented in the case.

> Adapted from the charge of Judge Lynch
> in United States v. Chavez, S6 02 CR
> 1301 (GEL) (January 13, 2005).

Request No. 22
Count One:   Second Element — Membership in the Conspiracy

If you conclude that the government has proved beyond a reasonable doubt that the conspiracy charged in the indictment existed, and that the conspiracy had as its object the illegal purposes charged in the indictment, then you turn to the second question, whether Mr. McFoy intentionally participated in the conspiracy with knowledge of its illegal purposes, and in furtherance of its unlawful objectives.  The government must prove beyond a reasonable doubt that Mr. McFoy, knowingly and intentionally, entered into the conspiracy with a criminal intent; that is, with a purpose to do what the law forbids, and that he agreed to take part in the conspiracy, and to promote and cooperate in its unlawful objectives.  In this regard, remember, that the crimes with which Mr. McFoy is charged in this instance are conspiracy to distribute, or possess with intent to distribute, a controlled substance, heroin, in the United States, and to distribute, or possess with intent to distribute, controlled substances, heroin, in the United States.  You are, therefore, instructed that Mr. McFoy may only be convicted if you find beyond a reasonable doubt that he agreed to join his co-conspirators in a conspiracy to

36

distribute, or to possess with intent to distribute, heroin
in the United States.  It is not sufficient to convict the
defendant if you find that he believed that the conspiracy
involved a goal other than distributing, or possessing with
intent to distribute, heroin.

The terms "knowingly" and "intentionally" mean that in
order to find that the defendant did join in the conspiracy
you must conclude beyond a reasonable doubt that in doing
so, he knew what he was doing.  In other words, Mr. McFoy
took the actions in question deliberately and voluntarily.
An act is done knowingly and intentionally if it is done
deliberately and purposely.  That is, Mr. McFoy's acts must
have been the product of his conscious objective, rather
than the product of a mistake or accident, or mere
negligence, or some other innocent reason.  Unlawfully
simply means contrary to law. Mr. McFoy need not have known
that he was breaking any particular law, but he must have
been aware of the generally unlawful nature of his acts.

I want to caution you, however, that Mr. McFoy's mere
presence at the scene of the alleged crime does not, by
itself, make him a member of the conspiracy.  Mere presence
at the scene of a crime, even coupled with knowledge that a
crime is taking place, is not sufficient to support a
conviction.  Similarly, mere association with one or more

37

members of the conspiracy does not automatically make Mr.
McFoy a member.  A person may know, or be friendly with, a
criminal, without being a criminal himself.  Mere similarity
of conduct, or the fact that they may have assembled
together and discussed common aims and interests does not
necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or
acquiescence, without participation, in the unlawful plan is
not sufficient.  Moreover, the fact that the acts of a
defendant, without knowledge, merely happen to further the
purposes or objectives of the conspiracy, does not make the
defendant a member.  More is required under the law.  What
is necessary is that Mr. McFoy must have participated with
knowledge of at least some of the purposes or objectives of
the conspiracy and with the intention of aiding in the
accomplishment of those unlawful ends.

In short, Marvin McFoy, with an understanding of the
unlawful nature of the conspiracy must have intentionally
engaged, advised or assisted in the conspiracy for the
purpose of furthering an illegal undertaking, in this case,
distributing or possess with the intent to distribute a
controlled substance.  The defendant thereby becomes a
knowing and willing participant in the unlawful agreement,
that is, a conspirator.

Adapted from the charge of Judge Lynch
in <u>United States v. Chavez</u>, S6 02 CR
1301 (GEL) (January 13, 2005); Sand et
al., <u>Modern Federal Jury Instructions</u>,
Instr. 19-6.

Request No. 23
Multiple Conspiracies

The conspiracy in this indictment contains different acts spanning a long period of time.  Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists.  By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

If you find that the conspiracy charged in the indictment did not exist, you cannot find Mr. McFoy guilty of the single conspiracy charged in the indictment.  This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same, and even though there may have been some overlap in membership.

Similarly, if you find that the defendant was a member of another conspiracy, and not the one charged in the

40

indictment, then you must acquit the defendant of the conspiracy charge.

Therefore, what you must do is determine whether the conspiracy charged in the indictment existed.  If it did, you then must determine the nature of the conspiracy and who were its members.

Adapted from Sand, et al. <u>Modern Federal Jury Instructions</u>, Instr. 19-5.

Request No. 24
Count One:   Special Interrogatory on Drug Quantity

If you find that a defendant is guilty on Count One, you will then be required to determine the drug amount.  If you unanimously agreed that a goal of the conspiracy was to distribute, or possess with intent to distribute, heroin, then you must decide the quantity of that the defendant knew, or reasonably should have foreseen, was involved in the conspiracy in which you found he participated.  You need not determine the precise quantity of narcotics involved in the offenses charged in the indictment.  Rather, you need only decide whether the prosecution has established, beyond a reasonable doubt, that the weight of narcotics the defendant agreed to distribute, or possess with intent to distribute, in connection with the conspiracy was 500 grams or more of heroin.

If you reach this issue, your determination regarding drug quantity must be unanimous and must be reached beyond a reasonable doubt.

> Adapted from the charge of Judge Lynch
> in United States v. Chavez, et al. S6 02
> CR 1301 (GEL) (January 13, 2005).

42

Request No. 25
Use of Tapes And Transcripts

Tapes and transcripts of certain conversations have been received in evidence. The transcripts may be treated by you as a printed record of what was said on specific tape. If you think that you heard something or someone differently than appeared on the transcript, then what you have heard is controlling.

Adapted from the charge of the Hon. John
M. Walker in United States v. Chessman,
88 Cr. 455 (JMW)

43

Request No. 26
Identification of Speakers

Both parties have offered into evidence transcripts of conversations. The parties have stipulated as to the accuracy of the English translations of the actual conversations but have not agreed as to the identity of the speakers in those conversations. The transcripts therefore purport to identity the speakers. There has been testimony as to whether the voice identifications of the speakers are accurate. The identification of the voices by Agent lee is a critical part of the prosecution's case. His testimony constitutes his opinion. In evaluating the agent's testimony regarding voice identification you must, as with any witness, consider whether he is telling the truth as he understands it. You must also determine whether he might be honestly mistaken about the voice identification.

The identification testimony is an expression of belief on the part of the witness. Its value depends on the opportunity the witness had to hear the speaker. In judging the value of Agent Lee's voice identification, you should consider the following: Did the agent personally speak with the defendant; did the agent personally hear Mr. McFoy speak on any occasion; if so, how many times; under what

44

circumstances was the identification made.  You should

scrutinize the identification testimony with great care.

Only if you are convinced beyond a reasonable doubt that the

identification was accurate, may you rely on this testimony

as evidence of the defendant's guilt.

> Adapted from the charge of the Hon.
> Eugene H. Nickerson, In United States v.
> Ulerio, 859 F.2d 1144 92d Cir. 1988),
> affirming the charged by the District
> court. See also United States v.
> Rosenthal, 793 F.2d 1214, 1238 ( 11th
> Cir. 1986)(whether the transcript
> correctly identifies the speakers is a
> question for jury determination).

Dated:    New York, New York
July 14, 2008

Respectfully submitted,

Leonard F. Joy, Esq.
Federal Defenders of New York
52 Duane Street,  10th Floor
New York, N.Y. 10007