UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

                 - v. -          :      05 Cr. 1311 (PAC)

MARVIN MCFOY,                     :

                Defendant.     :

- - - - - - - - - - - - - - - - - -x


### GOVERNMENT'S REQUESTS TO CHARGE


                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States
                              of America


RANDALL W. JACKSON
KARL N. METZNER
Assistant United States Attorneys

       - Of Counsel -

# TABLE OF CONTENTS

REQUEST NO.                                                          PAGE

1          General Requests . . . . . . . . . . . . . . . 2

2          Summary of the Indictment  . . . . . . . . . . 3

3          The Charge in Count One: Narcotics Conspiracy –
           General Instructions (21 U.S.C. § 846) . . . . . 4

4          Count One: Narcotics Conspiracy – Time of the
           Conspiracy . . . . . . . . . . . . . . . . . . . 6

5          Count One: Elements of Conspiracy  . . . . . . 7

6          Count One: First Element – Existence of the
           Conspiracy . . . . . . . . . . . . . . . . . . . 9

7          Count One: Second Element – Membership in the
           Conspiracy . . . . . . . . . . . . . . . . . . . 13

8          Count One: Object of the Conspiracy  . . . . . 18

9          Count One: Overt Acts. . . . . . . . . . . . . 21

10         Count One: Special Interrogatory on
           Drug Quantity . . . . . . . . . . . . . . . . . 22

11         Venue  . . . . . . . . . . . . . . . . . . . . 25

12         Variance in Dates  . . . . . . . . . . . . . . 27

13         Particular Investigative Techniques
           Not Required [If Applicable]  . . . . . . . . . 28

14         Use Of Evidence Obtained Pursuant To Arrest
                                          Or Search. . 29

15         Use of Audio Recordings and Transcripts . . . . 30

16         Court Interpreter . . . . . . . . . . . . . . . 32

17         Law Enforcement Witnesses . . . . . . . . . . . 33

18         Preparation of Witnesses . . . . . . . . . . . 34

i

19        Stipulation of Facts . . . . . . . . . . .  35

20        Stipulation of Testimony . . . . . . . . .  36

21        Persons Not On Trial Or Not Indicted . . . . .  37

22        Defendant's Right Not To Testify
          [If requested by defense]  . . . . . . . . .  39

23        Defendant's Testimony
          [Requested only if defendant testifies]  . . .  40


24        Character Testimony [If Applicable] . . . . . .  41

25        Uncalled Witnesses -- Equally Available to Both
          Sides [If Applicable]  . . . . . . . . . . .  42

26        Sympathy: Oath As Jurors . . . . . . . . . .  43

27        Punishment Not To Be Considered By The Jury . .  44

CONCLUSION . . . . . . . . . . . . . . . . . . . . .  45

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                    :

                - v. -                      :    05 Cr. 1311 (PAC)

MARVIN MCFOY,                               :
        a/k/a "Ken,"                                    :

                Defendant.
                                            :
- - - - - - - - - - - - - - - - - -x

### GOVERNMENT'S REQUESTS TO CHARGE

The Government respectfully requests that the Court include the following in its instructions to the Jury.

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

      a.    Function of Court and Jury.

      b.    Indictment Not Evidence.

      c.    Statements of Court and Counsel Not Evidence.

      d.    Burden of Proof and Presumption Of Innocence.

      e.    Reasonable Doubt.

      f.    Jury's Recollection Controls.

      g.    Inferences.

      h.    Government Treated Like Any Other Party.

      i.    Definitions, Explanations and Example Of Direct and Circumstantial Evidence.

      j.    Credibility Of Witnesses.

      k.    Right to See Exhibits and Have Testimony Read During Deliberations.

      l.    Sympathy: Oath Of Jurors.

      m.    Punishment Is Not To Be Considered By The Jury.

      n.    Verdict Of Guilt Or Innocence Must Be Unanimous.

## REQUEST NO. 2

### Summary of the Indictment

The defendant, MARVIN MCFOY, is charged in a one-count Indictment, which charges him with conspiring with others to distribute and to possess with the intent to distribute 100 grams and more of mixtures and substances containing a detectable amount of heroin.  This conspiracy is alleged to have taken place in or about July 2005. As I instructed you earlier, the Indictment is a charge or accusation.  It is not evidence.

<u>**REQUEST NO. 3**</u>

**The Charge in Count One:  Narcotics Conspiracy —**
**<u>General Instructions (21 U.S.C. § 846)</u>**

The sole count of the Indictment charges MARVIN MCFOY
with participating in a conspiracy to violate the narcotics laws
of the United States.  Count One charges, and I am
reading now from the Indictment, that:

> *[The Court is respectfully requested to read Count One*
> *of the redacted Indictment (which the Government will provide),*
> *up to the overt acts.]*

The Indictment also lists overt acts that are alleged
to have been committed in furtherance of the conspiracy, as well
as the particular statute alleged to have been violated.

A conspiracy is a kind of criminal partnership, an
agreement of two or more persons to join together to accomplish
some unlawful purpose.

The crime of conspiracy — or agreement — to violate a
federal law, as charged in this Indictment, is an independent
offense.  It is separate and distinct from the actual violation
of any specific federal laws, which the law refers to as
"substantive crimes."

Indeed, you may find MARVIN MCFOY guilty of the crime
of conspiracy to distribute heroin, or to possess heroin with
intent to distribute it — in other words, agreeing to distribute
or to possess with intent to distribute heroin — even if there
was no *actual* distribution or possession with the intent to

4

distribute heroin.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no drugs are actually distributed or possessed with intent to distribute.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992); Sand, et al.,
> Modern Federal Jury Instructions, Instr. 19-
> 2.

> See United States v. Labat, 905 F.2d 18, 21
> (2d Cir. 1990) ("Since the essence of
> conspiracy is the agreement and not the
> commission of the substantive offense that is
> its objective, the offense of conspiracy may
> be established even if the collaborators do
> not reach their goal.").

## REQUEST NO. 4

## Count One: Narcotics Conspiracy — Time of Conspiracy

The Indictment charges that the conspiracy existed in or about July 2005. It is not essential that the Government prove that a conspiracy started and ended on a specific date. It is sufficient if you find that in fact a conspiracy was formed and that it existed for some time within the period set forth in the Indictment.

> Adapted from the charge of the Honorable
> John F. Keenan in United States v.
> Carrero, 91 Cr. 365 (S.D.N.Y. 1991), and
> from the charge of the Honorable Michael
> B. Mukasey in United States v. Bello, 91
> Cr. 571 (MBM), aff'd mem., 990 F.2d 622
> (2d Cir. 1993).

6

**REQUEST NO. 5**

**Count One: Elements of Conspiracy**

To sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, or to possess narcotics with the intent to distribute them.

Therefore, the first question for you is:  Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendant, MARVIN MCFOY, knowingly became a member of the conspiracy charged; that is, that he knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute narcotics.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).
>
> Under Section 846, it is not necessary for the Government to allege or prove even one overt act.  See United States v. Shabani, 115 S. Ct. 382, 385 (1994)

7

(Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); <u>United</u> <u>States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); <u>United</u> <u>States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d Cir. 1978); <u>United</u> <u>States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94 (2d Cir. 1975).

**REQUEST NO. 6**

**Count One: First Element**
**Existence of the Conspiracy**

Now, let us turn to the first element that the Government must establish beyond a reasonable doubt, the existence of the conspiracy.  What is a conspiracy?  Simply defined, a conspiracy is an agreement by two or more persons to violate the law.  The gist, or the essence, of the crime is the unlawful combination or agreement to violate the law. The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy.  The crime of conspiracy is complete once the unlawful agreement is made.

To establish a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator.  Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

9

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans. From its very nature, a conspiracy is almost invariably secret in its origin and execution.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law. Express language or specific words are not required to indicate assent or attachment to a conspiracy. Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed. You need only find that the defendant entered into the unlawful agreement alleged in the Indictment with one or more other persons in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The adage "actions speak louder than words" is applicable here.

10

Often, the only evidence available is that of disconnected acts which, when taken together in connection with each other, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in this Indictment actually existed, you may consider all the evidence of the acts, conduct and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in the Indictment.

11

When people enter into a conspiracy to accomplish an unlawful end, they became agents or partners of one another in carrying out the conspiracy. In determining the factual issues before you, you may consider against the defendant, if you have found him to be a member of the conspiracy, any reasonably foreseeable acts or statements made by any of his co-conspirators in furtherance of the conspiracy, even though such acts or statements were not made in the presence of the defendant or with his knowledge. However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine the acts and statements were made during the existence and in furtherance of the unlawful scheme.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.

> Adapted from the charge of
> Judge Sand in United States v.
> Clemente, Tr. 12611-14.

12

**REQUEST NO. 7**

**Count One: Second Element
Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must next determine the second question, and that is whether the defendant participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

The Government must prove by evidence of the defendant's own actions and conduct beyond a reasonable doubt that he unlawfully, wilfully, and knowingly entered into the conspiracy, the agreement, with a criminal intent, that is, with a purpose to violate the law, and agreed to take part in the conspiracy to further promote and cooperate in its unlawful objectives.

**"Unlawfully," "Wilfully" and "Knowingly" Defined**

As to this element, the terms "unlawfully," "wilfully, and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the defendant did join the conspiracy), the defendant knew what he was doing -- that he took the actions in question deliberately and voluntarily.

13

"Unlawfully" means simply contrary to law.  The defendant need <u>not</u> have known that he was breaking any particular law or any particular rule.  He needs only to have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "wilfully" if it is done deliberately and purposefully; that is, the defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you the evidence of certain acts alleged to have taken place by or with the defendant or in his presence.  The Government contends that these acts show beyond a reasonable doubt knowledge on the part of the defendant of the unlawful purposes of the conspiracy.

MARVIN MCFOY denies that he was a member of this conspiracy.  It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of the defendant existed.

14

It is not necessary that the defendant be fully informed as to all the details of the conspiracy to justify an inference of knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that the defendant know every other member of the conspiracy. In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary that the defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome, so long as he in fact participated in the conspiracy in the manner I have explained.

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt. The defendant need not have joined the conspiracy at the outset. The defendant may have joined it for any purpose at any time in its progress, and the defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles

15

in the scheme.  An equal role is not what the law requires.
In fact, even a single act may be sufficient to draw the
defendant within the ambit of the conspiracy.

However, I want to caution you that the mere
association by one person with another does not make that
person a member of the conspiracy even when coupled with
knowledge that a conspiracy is taking place.  Mere presence
at the scene of a crime, even coupled with knowledge that a
crime is taking place, is not sufficient to support a
conviction.  In other words, knowledge without participation
is not sufficient.  What is necessary is that the defendant
have participated in the conspiracy with knowledge of its
unlawful purposes and with an intent to aid in the
accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of
the unlawful character of the conspiracy, must have
intentionally engaged, advised or assisted in it for the
purpose of furthering an illegal undertaking.  The defendant
thereby becomes a knowing and willing participant in the
unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue
until either its objective is accomplished or there is some
affirmative act of termination by its members.  So, too,
once a person is found to be a member of a conspiracy, that

16

person is presumed to continue being a member in the venture
until the venture is terminated, unless it is shown by some
affirmative proof that person withdrew and disassociated
himself from it.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v.
> Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992),
> and from the charge of the Honorable
> Michael B. Mukasey in United States v.
> Bello, 91 Cr. 571 (MBM), aff'd mem., 990
> F.2d 622 (2d Cir. 1993), and from Sand,
> Modern Federal Jury Instructions, Instr.
> 19-6.  See United States v. Rea, 958
> F.2d 1206, 1214 (2d Cir. 1992) ("The
> defendant's knowledge of the conspiracy
> and participation in it with the
> requisite criminal intent may be
> established through circumstantial
> evidence.  A defendant need not have
> joined a conspiracy at its inception in
> order to incur liability for the
> unlawful acts of the conspiracy
> committed both before and after he or
> she became a member.") (citations
> omitted).  See also United States v.
> Miranda-Ortiz, 926 F.2d 172, 175-6 (2d
> Cir.) (generally discussing proof
> required to show membership in
> conspiracy), cert. denied, 112 S. Ct.
> 347 (1991); and United States v.
> Maldonado-Rivera, 922 F.2d 934, 960 (2d
> Cir. 1990) (same), cert. denied, 111 S.
> Ct. 2858 (1991).

## REQUEST NO. 8

### Count One: Object of the Conspiracy

Count One of the Indictment charges that the object of the conspiracy was to distribute or possess with intent to distribute heroin. I will now define for you the terms "distribution" and "possession with intent to distribute."

### "Distribution"

The word "distribution" means the process of actual, constructive or attempted transfer of a controlled substance, including sale. "Distribution" includes delivering, passing or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person. Distribution does not require a sale, but includes sales.

### "Possession With Intent to Distribute"

What does "possession with intent to distribute" mean?

### "Possession"

We begin with the concept of "possession." The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as

18

I possess this pen.  However, a person need not have actual, physical possession — that is, physical custody of an object — in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article.  This is called "constructive possession."

More than one person can have control over the same narcotics.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.

**"Intent to Distribute"**

"Possession with intent to distribute" simply means the possession of a controlled substance with the intention or purpose to "distribute" it to another person or persons. As I explained, to "distribute" means simply to transfer to another.

Often it is possible to determine whether someone had an "intent to distribute" from the quantity of drugs that were possessed, although the possession of a large quantity

19

of narcotics does not necessarily mean that an individual intended to distribute them.  On the other hand, an individual may have intended to distribute a controlled substance even if he did not possess a large amount of it.

Remember, as I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required. The offense alleged here is simply the conspiracy, or agreement, to distribute heroin, or the conspiracy, or agreement, to possess heroin with the intent to distribute it.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992) and from the charge of the Honorable John M. Walker in United States v. Torres, 87 Cr. 593 (JMW) (S.D.N.Y. 1988), aff'd, 901 F.2d 205, 221, 243-44 (2d Cir.) (specifically approving charge on possession).  See also Sand, et al., Modern Federal Jury Instructions, Instr. 56-9, 56-12, and 56-13.

## REQUEST NO. 9

### Count One: Overt Acts

Count One of the Indictment contains a section entitled "overt acts."  You will have a copy of the Indictment with you while you deliberate.  Although the Indictment lists several overt acts, the Government need not prove that the defendant or any co-conspirators committed any overt act.  As I have told you, to prove a conspiracy, the Government need only prove the unlawful agreement, and the defendant's knowing participation in the conspiracy.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

> Adapted from the charge of the Honorable
> Colleen McMahon in United States v. Watson,
> S1 03 Cr. 136 (CM) (S.D.N.Y. 2003), and the
> Honorable Michael B. Mukasey in United
> States v. Martinez, 00 Cr. 304 (MBM)
> (S.D.N.Y. 2000).  See United States v.
> Shabani, 115 S.Ct. 382, 385 (1994); United
> States v. Story, 891 F.2d 988, 992 (2d Cir.
> 1989); United States v. Knuckles, 581 F.2d
> 305, 311 (2d Cir.), cert. denied, 439 U.S.
> 986 (1978); United States v. Bermudez, 526
> F.2d 89, 94 (2d Cir. 1975), cert. denied,
> 425 U.S. 970 (1976).

21

## REQUEST NO. 10

### Count One: Special Interrogatory on Drug Quantity

If, and only if, you find that the Government has proved beyond a reasonable doubt that MARVIN MCFOY is guilty of participating in a conspiracy that had as its objective the distribution of heroin or possession with intent to distribute heroin, you must then determine what quantity of heroin the conspiracy involved.

In making this determination, you should include whatever quantity of heroin was involved in any act or acts in which MARVIN MCFOY personally and directly participated. If you find that MARVIN MCFOY personally and directly participated in a jointly undertaken drug transaction, he is responsible for the full quantity of drugs involved in that transaction.

In making your determination about quantity, however, you should also include any other quantity of heroin the conspiracy involved so long as that quantity was either known to MARVIN MCFOY or reasonably foreseeable to him, and within the scope of the criminal activity that he jointly undertook.

You need not determine the precise quantity. Instead, if you reach the question of quantity, indicate on the verdict form whether the Government has established that

22

the conspiracy involved 100 grams or more of heroin.  If you conclude that the Government has not proven that the conspiracy involved at least 100 grams of heroin, then leave the part of the verdict form governing quantity blank.

Your finding as to quantity must be made beyond a reasonable doubt.  In addition, it must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate.  Thus, for example, if all of you agree that the conspiracy involved 100 grams or more of heroin, you should indicate "100 grams or more of heroin."  If, however, some jurors conclude that the conspiracy involved 100 grams or more of heroin and the rest of the jurors conclude that it involved between 50 grams and 100 grams of heroin, you may not indicate that the conspiracy involved "100 grams or more of heroin."  Under those circumstances, however, you may indicate "at least 50 grams of heroin" because all of you would be in agreement that the conspiracy involved at least 50 grams of heroin.

> See Apprendi v. New Jersey, 530 U.S. 466 (2000);
> United States v. Thomas, 274 F.3d 655 (2d Cir.
> 2001)(en banc); United States v. Gonzalez, 420 F.3d
> 111, 125 (2d Cir. 2005); United States v. Martinez,
> 987 F.2d 920, 925-26 (2d Cir. 1993) (noting that a
> co-conspirator "should not be sentenced for certain
> conspiratorial acts unless there is proof that he
> knew or should have known about the details of
> these conspiratorial acts"); United States v.
> Velasquez, 28 F.3d 2, 5 (2d Cir. 1994) (holding
> that the "reasonable foreseeability" requirement

does not apply to conduct "that the defendant personally undertakes" and that the Sentencing Guidelines, including the definition of relevant conduct in U.S.S.G. § 1B1.3, "are simply an extension of the statutory sentencing scheme"); <u>United States</u> v. <u>Chalarca</u>, 95 F.3d 239, 243 (2d Cir. 1996) ("[T]he quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction.") (construing the Sentencing Guidelines); <u>United States</u> v. <u>Castrillon</u>, 376 F.3d 46, 47 (2d Cir. 2004) (per curiam) (same) (construing 21 U.S.C. § 846).

REQUEST NO. 11

**Venue**

In addition to the foregoing elements of the offenses, you must consider whether any act in furtherance of the crime occurred within the Southern District of New York. The Southern District of New York includes Manhattan and the Bronx.

In this regard, the Government need not prove that the crime was committed in this District or that the defendant himself was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred in this District. A phone call in furtherance of the charged conspiracy can constitute an act sufficient to satisfy the venue requirement.

I should note that on this issue -- and this alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime occurred within this district.

If you find that the Government has failed to prove this venue requirement, then you must acquit the defendant of this charge.

Adapted from the charges of the Honorable
Michael B. Mukasey in United States v.

25

Abdul Latif Abdul Salam, 98 Cr. 208 (MBM)
(S.D.N.Y. 1999), and Tr. at 439; the
Honorable Charles S. Haight, Jr. in
United States v. Rogers, 90 Cr. 377 (CSH)
(S.D.N.Y. 1991), and from Sand et al.,
Modern Federal Jury Instructions, Instr.
3-11.  See also United States v.
Gonzalez, 922 F.2d 1044, 1054-55 (2d
Cir.) (affirming that venue is governed
by a preponderance standard), cert.
denied, 112 S. Ct. 660 (1991); United
States v. Rommy, 506 F.3d 108, 120 (2d
Cir. 2007) ("It is beyond question that
telephone calls can constitute overt acts
in furtherance of a conspiracy. In cases
involving telephone calls between
co-conspirators in different districts,
we have ruled that venue lies 'in either
district as long as the calls further the
conspiracy.'") (internal citation
omitted).

## REQUEST NO. 12

## Variance In Dates

The Indictment refers to various dates.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

> Adapted from the charged of Judge Edward Weinfeld in United States v. Della Rocca, 72 Cr. 217 (S.D.N.Y. 1972), and from the charge of Judge Charles Metzner in United States v. Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974), cert. denied, 420 U.S. 977 (1975).

27

## REQUEST NO. 13

## Particular Investigative Techniques Not Required
## [If applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the guilt of the defendant has been proved beyond a reasonable doubt.

Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

28

REQUEST NO. 14

**Use Of Evidence Obtained Pursuant To Arrest Or Search**

You have heard testimony that the police apprehended an individual involved in the conspiracy on or about July 8, 2005, and that law enforcement officials recovered evidence on that occasion.  You have also heard testimony that law enforcement agents obtained evidence through various searches conducted at different locations, including seizures from the coconspirators.  The evidence obtained through all of the searches and seizures described during this trial was properly admitted in this case and may properly be considered by you.

Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Adapted from the charges of Judge Pierre N. Leval
in United States v. Ogando, 90 Cr. 469 (PNL)
(S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992)
and in United States v. Mucciante, 91 Cr. 403 (PNL)
(S.D.N.Y. 1992).

29

## REQUEST NO. 15

### Use of Audiotape Recordings and Transcripts

Audio recordings of telephone conversations and meetings and transcripts of those recordings have been admitted into evidence.  Whether you approve or disapprove of the recording of those conversations may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

In connection with these tapes, you heard testimony that certain of the conversations were in foreign languages. For that reason, it was necessary for the Government to obtain translations of those conversations into English.

The transcripts of those conversations were the subject of a stipulation which was read to you during trial. In the stipulation, the parties agreed that the transcripts contained accurate English translations of the foreign language conversations.  You should therefore consider the

30

translations as you would any other evidence in the case, and give them the weight you deem appropriate as the finder of the facts.

If you wish to hear any of the tapes again, or see any of the transcripts, they will be made available to you during your deliberations.

> Adapted from the charges of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995).
> See United States v. Ulerio, 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence); United States v. Vasquez, 605 F.2d 1269, 1272 & n.4 (2d Cir.) (proper to play Spanish language tapes and to provide translated transcripts to jury, with cautionary instruction that jury is ultimate factfinder), cert. denied, 444 U.S. 981 (1979); United States v. Llinas, 603 F.2d 506, 508-09 (5th Cir. 1979) (transcripts embody testimony of interpreter; proper to provide transcripts to jury because interpreter available to testify to accuracy), cert. denied, 444 U.S. 1079 (1980).

## REQUEST NO. 16

### Court Interpreter [If Necessary]

Some of the testimony you have heard has been provided through the official court interpreter. When testimony has been presented in a language other than English you must base your decision on the testimony presented through the interpreter.

Adapted from Judge Cote's charge in United States v. Fernandez, 71 Cr. 1169 (S.D.N.Y. 2003).

## REQUEST NO. 17

### Law Enforcement Witnesses

You have heard testimony of law enforcement officials.  The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25.

33

## REQUEST NO. 18

## Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey in <u>United</u> <u>States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

34

## REQUEST NO. 19

## Stipulation of Facts

### [If Applicable]

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand et al., Modern Federal Jury Instructions, Instr. 5-6.

35

### REQUEST NO. 20

### Stipulation of Testimony

### [If Applicable]

In this case you have heard evidence in the form of various stipulations of testimony.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given that testimony.

Adapted from the charge of Judge Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and from Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 5-6 & 5-7.

36

REQUEST NO. 21

**Persons Not On Trial Or Not Indicted**

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons other than the defendant were not named as defendants in the Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendant.

> Adapted from Judge Werker's charge in United States v. Barnes et al., S 77 Cr. 190 (Nov. 29, 1977), aff'd, 604 F.2d 121 (2d Cir. 1979), cert. denied, 446 U.S. 907 (1980).

> Adapted from Judge Pollack's charge in United States v. Bynum, 71 Cr. 1169 (S.D.N.Y. 1971), and from Sand, et al., Modern Jury Instructions, Instr. 3-4.

37

Adapted from the charge of Judge Leisure in <u>United States</u> v. <u>Parra and Ortega</u>, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004).

## REQUEST NO. 22

## Defendant's Right Not to Testify

## [If Applicable and Requested by Defense]

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because the defendant did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, Modern Federal Jury Instructions, Instr. 5-21.

39

## **REQUEST NO. 23**

### **Defendant's Testimony**

### **[Requested Only If Defendant Testifies]**

The defendant, MARVIN MCFOY, testified at trial.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from <u>United States</u> v. <u>Gaines</u>, slip. op. No. 04-5616-cr (2d Cir. July 20, 2006), at 18.

## REQUEST NO. 24

### Character Testimony

### [If Applicable]

You have heard testimony that the defendant has a good reputation for honesty and truthfulness in the community where he lives and works.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that he committed the crime charged.

Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).

A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. See United States v. Pujana-Mena, supra, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing"). The Second Circuit noted that, "it might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted. Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime. In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand." Id. at 30 (citations omitted).

41

**REQUEST NO. 25**

**Uncalled Witness --**
**Equally Available to Both Sides**

**[If Applicable]**

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.

42

**REQUEST NO. 26**

**Sympathy: Oath As Jurors**


Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to determine the guilt or innocence of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

> Adapted from 1 Sand <u>Modern Federal Jury Instructions</u>, Instr. 2-12 and from the charge of the Honorable Irving Kaufman in <u>United States</u> v. <u>Davis</u>, <u>aff'd</u>, 353 F.2d 614 (2d Cir. 1965), <u>cert</u>. <u>denied</u>, 384 U.S. 953 (1966).

## REQUEST NO. 27

### Punishment Not to be Considered by the Jury

Under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon the defendant, if convicted, to influence you in any way or in any sense to enter into your deliberations.  The duty of imposing sentence is mine and mine alone.  Your function is to weigh the evidence and to determine whether the defendant is or is not guilty upon the basis of evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

Adapted from the charges of the Honorable Vincent L. Broderick in United States v. Drucker (S.D.N.Y.), Tr. 3151; the Honorable Edward Weinfeld in United States v. Bruswitz, aff'd, 219 F.2d 59, 62-63 (2d Cir.), cert. denied, 349 U.S. 913 (1955); and the Honorable Harold L. Tyler in United States v. Natelli, 74 Cr. 43 (S.D.N.Y. 1974), Tr. 2379-80, aff'd, 527 F.2d 311 (2d Cir.), cert. denied, 425 U.S. 934.

## CONCLUSION

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the charge of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are

45

judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973).  <u>See also United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated:    New York, New York
          July 14, 2008

                          Respectfully submitted,

                          MICHAEL J. GARCIA
                          United States Attorney for the
                          Southern District of New York
                          Attorney for the United States
                            of America


                    By:_____/s/_____
                          RANDALL W. JACKSON
                          KARL N. METZNER
                          Assistant United States Attorneys
                          Telephone: (212) 637-1029/2476

## **AFFIRMATION OF SERVICE**

RANDALL W. JACKSON, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That, on July 14, 2008, I caused one copy of the within Government's Requests To Charge to be delivered by ECF to:

Robert M. Baum, Esq.
Federal Defenders of New York, Inc.
52 Duane Street - 10th Floor
New York, New York 10007

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    New York, New York
          July 14, 2008

                              _____/s/_____
                              RANDALL W. JACKSON
                              Assistant U.S. Attorney

47