```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,        :

           -v-                   :
                                         05 Cr. 1311 (PAC)
MARVIN MCFOY,                    :

           Defendant.            :

- - - - - - - - - - - - - - - - X

STATE OF NEW YORK            )
COUNTY OF NEW YORK           ) ss.:
SOUTHERN DISTRICT OF NEW YORK )
```

       JAMES LEE, a Special Agent with the Drug Enforcement Administration ("DEA"), hereby affirms under the penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

       1.   I am the case agent currently assigned to the McFoy investigation. I have been a DEA Agent since November 2004. As the case agent, in the course of my investigation, I have spoken with witnesses and with other law enforcement agents currently and previously assigned to the McFoy investigation, and I have reviewed various documents. Because this affirmation is being submitted for a limited purpose, I have not included details of every aspect of this investigation. Where conversations or statements are related herein or documents referenced, they are related in substance and in part.

       2.   Based on my direct participation in this investigation, my review of documents and conversations with law enforcement officers and other witnesses, I have learned the

following information concerning the investigation of Marvin McFoy, and more specifically, the DEA's interception of phone calls related to this investigation and the DEA's subsequent sealing of the wire recordings.

### The DEA Investigation of McFoy

3.  In or about the summer of 2005, Court-authorized interceptions began over a cellular telephone used by McFoy and over telephones used by others involved in a conspiracy to distribute narcotics. The orders which are relevant to a trial scheduled to address the charges against McFoy were signed in May and July of 2005. On May 11, 2005, the Honorable Thomas P. Griesa signed an order authorizing the DEA to intercept wire communications over a phone with assigned call number 646-894-6458 ("the 6458 Phone"). On May 31, 2005, the Honorable Denise Cote signed order authorizing the DEA to intercept wire communications over a phone with assigned call number (646)418-7792, which was used by defendant Marvin McFoy (the "McFoy Phone"). On July 5, 2005, the Honorable Sidney H. Stein signed an order authorizing the DEA to continue to intercept wire communications over the McFoy Phone and to intercept communications over a phone with assigned call number (908)652-1093 (the "Solo Phone"). During the course of these wiretaps, numerous narcotics-related conversations between McFoy and others were intercepted. The DEA also conducted extensive surveillance of the members of the conspiracy, including McFoy, and ultimately

seized over 400 grams of heroin from an individual connected to the conspiracy.

5. After initially being hired by the DEA in November 2004, I reported to the DEA Academy in Quantico, Virginia, where I received training in the laws, procedures, and practices applicable to work as a DEA Agent. I graduated from the Academy in March 2005, and was immediately stationed at the DEA New York Field Office. Shortly after reporting to the New York Field Office, I was assigned to the investigation of Marvin McFoy and others, as one of the two lead case agents. The other lead case agent was Special Agent Anton Kohut, who had worked for the DEA for approximately 5 years at that point.

6. My training at the academy was extensive, but the larger portion of my training occurred on the job, including training regarding the proper procedures for the management of a Title III wire.

7. The McFoy investigation was an extraordinarily complex one, involving multiple targets and multiple languages being spoken by the targets. I was responsible for securing, through agencies, translators of Ga, Twi, and Fante, who worked alongside DEA Agents in the wire interception room. During the wire interceptions, I was also responsible for managing the translators and I spent a significant amount of my time listening to phone calls as they were intercepted and ensuring that the minimization order was followed in the wire room. Access to the

wire room was strictly limited to authorized investigative personnel and approved translators.

   8. The DEA terminated interception, pursuant to the May 11, 2005 Order, over the 6458 Phone on May 26, 2005. Just after interception ended, I requested that the DEA Manhattan wire room technicians prepare a magnetic optical disk containing all of the wire interceptions for the period. Based on my training and conversations with DEA technicians, I know that the information stored on magnetic optical disks which are prepared by the DEA technical staff cannot be altered once the disk is finalized. The disk is maintained in the technical control room until it is removed by the investigating agent for sealing. On May 26, 2005 I removed the disk from the control room and placed it in a locked contained in my office. On June 3, 2005, I delivered the disk containing all of the interceptions over the 6458 Phone from May 11, 2005 through May 26, 2005 to Agent Kohut, who then delivered the disk to Assistant U.S. Attorney Virginia L. Chavez.[1] The same day, AUSA Romano, accompanied by Agent Kohut, presented an optical disk containing all of the wire communications intercepted over the 6458 Phone, pursuant to the May 11, 2005 Order, to the Honorable Denis Cote. Judge Cote ordered that the disk and the application for sealing be sealed,

---

[1] AUSA Chavez changed her named to Virginia Chavez Romano December 2005. She is referred to elsewhere in this affidavit as AUSA Romano.

and that the former be held in the custody of the DEA. Later, Agent Kohut brought the disk back to the DEA Evidence Vault in Manhattan and delivered it to the evidence clerks. After being sealed again in a DEA evidence envelope, the disk was stored with the DEA evidence technicians under an identifying control number. Access to the room where all sealed DEA magnetic optical disks are stored is tightly controlled and is limited to the appropriate staff. All access to a particular item stored in the vault must be logged and verified by the evidence technicians.

    9. On June 1, 2005, the DEA began intercepting calls over the McFoy Phone pursuant to Judge Cote's May 31, 2005 Order. Pursuant to a July 5, 2005 Order signed by Judge Stein, authorizing continued interception, the DEA continued to intercept wire communications over the McFoy Phone beyond the period initially authorized by Judge Cote's May 31, 2005 Order, and began interceptions over the Solo Phone. On July 5, 2005, I removed a disk containing all of the interceptions over the McFoy phone pursuant to the June 1, 2005 Order from the DEA control room and from the DEA control room and placed it in a locked container in my office in DEA headquarters. On July 19, 2005, I delivered the magnetic optical disk to Agent David Campbell, who then delivered the disk to AUSA Romano. On July 19, 2005, AUSA Romano, accompanied by Agent Campbell, presented the disk containing all of the wire communications intercepted over the McFoy Phone, pursuant to the June 1, 2005 Order, to the Honorable

George B. Daniels. Id. Judge Daniels ordered that the disk and the application for sealing be sealed, and that the former be held in the custody of the DEA. Id.

       10.  On August 12, 2005, Agent Kohut obtained a magnetic disk containing all of the interceptions for both the McFoy Phone and the Solo Phone pursuant to the July 5, 2005 Order, and placed it in a locked container in his office. On August 18, 2005, Agent Kohut delivered the disk to me and the same day I presented it to AUSA Romano, and then accompanied her to Judge Karas's chambers, where the disk was sealed. I then returned the disk to the DEA Evidence Vault.

       11.  On September 20, 2005, I obtained a magnetic disk from the DEA control room containing all of the interceptions for both the McFoy Phone and the Solo Phone pursuant to the August 18, 2005 Order, and placed it in a locked container in my office. On September 29, 2005, I removed the disk fro the locked container and delivered the disk to AUSA Romano, and then accompanied her to Judge Berman's chambers, where the disk was sealed. I then returned the disk to the DEA Evidence Vault.

I declare under penalties of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

New York, New York

Dated: July 15, 2008

                                                SPECIAL AGENT JAMES LEE
                                                DRUG ENFORCEMENT ADMINISTRATION